**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

Case No. 1:18-cv-01034-LCB-LPA

NORTH CAROLINA STATE CONFERENCE OF THE NAACP, CHAPEL HILL - CARRBORO NAACP, GREENSBORO NAACP, HIGH POINT NAACP, MOORE COUNTY NAACP, STOKES COUNTY BRANCH OF THE NAACP, WINSTON SALEM - FORSYTH COUNTY NAACP,

*Plaintiffs*,

v.

ROY ASBERRY COOPER III, in his official capacity as the Governor of North Carolina; DAMON CIRCOSTA, in his official capacity as Chair of the North Carolina State Board of Elections; STELLA E. ANDERSON, in her official capacity as Secretary of the North Carolina State Board of Elections; DAVID C. BLACK, KEN RAYMOND, and JEFFERSON CARMON III, in their official capacities as members of the North Carolina State Board of Elections,

*Defendants*,

and

PHILIP E. BERGER, in his official capacity as President Pro Tempore of the North Carolina Senate, and TIMOTHY K. MOORE, in his official capacity as Speaker of the North Carolina House of Representatives,

*Proposed Intervenors*.

**BRIEF IN SUPPORT OF PROPOSED INTERVENORS' MOTION FOR A STAY PENDING APPEAL, OR, IN THE ALTERNATIVE, TO PARTICIPATE AS DEFENDANTS PENDING APPEAL**

Philip E. Berger, President Pro Tempore of the North Carolina Senate, and Timothy K. Moore, Speaker of the North Carolina House of Representatives ("Proposed Intervenors"), respectfully file this brief in support of their Motion for a Stay Pending Appeal. Proposed Intervenors have no interest in slowing this litigation down so long as their rights—and those of the People of North Carolina they represent—are protected. Therefore, as an alternative to staying this litigation, the Court should grant Proposed Intervenors the right to fully participate as defendants in this suit during the pendency of the appeal. If the Court permits Proposed Intervenors to fully engage in discovery, motions practice, presentation of evidence, and briefing until the Fourth Circuit rules on the appeal, there is no need to stay the proceedings.

Plaintiffs in this case have submitted extensive expert testimony in support of their motion for a preliminary injunction. But the State Board did not submit any rebuttal expert testimony in an analogous state action also seeking to enjoin S.B. 824. In that case, the state court was able to decide the plaintiffs' motion for a preliminary injunction on the basis of an adversary presentation *only because Proposed Intervenors submitted rebuttal expert evidence*. If Proposed Intervenors' motion is denied, absent a change in strategy by State Board Defendants the Court will be faced with the prospect of deciding this attempt to invalidate a law that was enacted according to the will of the People of North Carolina without hearing any evidence on the People's side.

Because Proposed Intervenors are being prejudiced with each day that goes by without being permitted to intervene in this case, they respectfully request a prompt

decision on this motion. Absent a decision by this Court, they plan to seek similar relief from the Fourth Circuit on Thursday, September 26.

## FACTUAL BACKGROUND

On July 19, 2019, Proposed Intervenors filed their Renewed Motion to Intervene. *See* Doc. 60; *see also* Prop. Intervenors' Memo. in Supp. of Their Renewed Mot. to Intervene, Doc. 61 (July 19, 2019). State Board Defendants and Plaintiffs filed responses to that motion on August 9, 2019. *See* State Board Defs.' Resp. to Second Mot. to Intervene, Doc. 65; Pls.' Opp. to Second Mot. to Intervene, Doc. 66. Proposed Intervenors filed their reply on August 19, 2019. *See* Prop. Intervenors' Reply to the Resps. to their Renewed Mot. to Intervene, Doc. 69. The motion was submitted that same day to the Court.

On August 13, 2019, the Court issued a Notice of Initial Pretrial Conference, Doc. 68, setting a pretrial hearing for September 30, 2019. Proposed Intervenors assume that, given the imminence of that hearing, Plaintiffs and State Board Defendants have engaged in the required Rule 26(f) conference.

On September 17, 2019, Plaintiffs filed a Motion for a Preliminary Injunction, a Memorandum of Law in Support of Plaintiffs' Motion for a Preliminary Injunction, and thirteen exhibits in support of their motion. *See* Docs. 72, 73, 73-1–73-13. Plaintiffs' exhibits in support of their motion for a preliminary injunction total nearly five hundred pages, four hundred of which consist of expert reports. Plaintiffs and the State Board Defendants have agreed that, so long as this Court approves of their proposed briefing schedule, their response to the motion for a preliminary injunction will be filed October

18, 2019, and Plaintiffs' reply will be due October 28, 2019. Decl. of Nicole J. Moss, Ex. A ¶ 2-A (Sept. 23, 2019) ("Moss Decl.").

On September 17, 2019, Proposed Intervenors filed a Motion to Ascertain Status of Their Renewed Motion to Intervene. Doc. 71. In that motion, Proposed Intervenors highlighted the fact that because they have not been permitted to intervene in this matter, they have not been able to participate in any discovery planning, including but not limited to the Rule 26(f) conference; they have not been consulted about a schedule for the preliminary injunction briefing; and they will be limited to participating in the briefing of that motion as amicus. *Id.* at 1–2. Given the impending status conference and discovery related to as well as briefing on Plaintiffs' motion for a preliminary injunction, "[a]bsent an immediate order granting the Renewed Motion to Intervene, Proposed Intervenors will suffer irreparable harm from not being able to participate as a party in the preliminary injunction proceedings," the motion explained. *Id.* at 3. Proposed Intervenors thus asked the Court to rule on their motion to intervene by Friday, September 20, and noted that absent such a decision they planned to appeal the de facto denial of their motion and/or file a mandamus petition with the Fourth Circuit on or before September 23. *Id.*

As of the filing of this motion, this Court has not ruled on Proposed Intervenor's Renewed Motion to Intervene. On September 23, Plaintiffs filed a notice of appeal to the Fourth Circuit. Notice of Appeal, Doc. 74.

## ARGUMENT

### I. <u>This Court Should Grant a Stay Pending Proposed Intervenors' Appeal.</u>

Proposed Intervenors have a right to an immediate appeal of the de facto denial of their motion to intervene. *See Bridges v. Dep't of Maryland State Police*, 441 F.3d 197, 207 (4th Cir. 2006) (explaining that denial of a motion to intervene is "treated as a final judgment that is appealable"); *Scott v. Bond*, 734 F. App'x 188, 189 (4th Cir. 2018) ("[W]e treat the denial of a non-party's motion to intervene as an appealable final judgment."); *see also D.C. v. Trump*, 930 F.3d 209, 213 (4th Cir. 2019) (considering an appeal on an immunity issue even though there was no "formal order denying immunity" when the district court had permitted discovery to go forward without ruling on the immunity issue); *Americans United for Separation of Church & State v. City of Grand Rapids*, 922 F.2d 303, 306 (6th Cir. 1990) (finding that even though there was no formal denial of a motion to intervene, delay was "tantamount to denying it" and thus the intervention issue was immediately appealable). And, as noted previously, Proposed Intervenors have noticed an appeal of the de facto denial of their Renewed Motion to Intervene to the Fourth Circuit. *See supra* Factual Background. Proposed Intervenors will seek to have that appeal expedited.

Because they are appealing the denial of their intervention request, and because they will incur irreparable harm if these proceedings continue without their involvement, Proposed Intervenors seek a stay of this Court's proceedings pending the Fourth Circuit's

resolution of their appeal. *See* FED. R. CIV. P. 62; *see also* FED. R. APP. P. 8(a)(1)(A) (providing that "[a] party must ordinarily move first in the district court for . . . a stay . . . pending appeal"); *S.E.C. v. Dunlap*, 253 F.3d 768, 774 (4th Cir. 2001) (explaining that a party "must either move first in the district court for stay relief or show that moving first in the district court would be impracticable" (quotation marks omitted)). Courts have stayed district court proceedings and orders during the pendency of an appeal of the order denying intervention. *See, e.g.*, *Greendige v. Allstate Ins. Co.*, No. 02 CIV.9796, 2003 WL 22871905, at *4 (S.D.N.Y. Dec. 3, 2003) (staying further proceedings in the district court until the Second Circuit decided the appeal of the denial of a motion to intervene); *Harris v. Reeves*, 761 F. Supp. 382, 385 (E.D. Pa. 1991) (noting that both the Third Circuit and the Supreme Court had stayed implementation of a consent decree pending the appeal of a denial of a motion to intervene).

This Court must do the same here. The grant of stays pending appeal are governed by a familiar four-part inquiry.

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Nken v. Holder*, 556 U.S. 418, 434 (2009) (quotation marks omitted). "The first two factors" in this inquiry "are the most critical." *Id.* And as the Supreme Court has explained, "the factors regulating the issuance of a stay are generally the same" in both district courts and the courts of appeals, *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987), so case law on

the two is interchangeable. All four factors point in favor of Proposed Intervenors obtaining a stay pending appeal.

A. <u>Proposed Intervenors Are Likely to Succeed on the Merits of Their Appeal.</u>

For the reasons given in their Renewed Motion to Intervene and their Reply in support of that motion, Proposed Intervenors are likely to succeed on the merits of the appeal of the de facto denial of their motion to intervene. Proposed Intervenors (1) timely filed their motion; (2) have a significantly protectable interest in the subject of this suit as statutorily-appointed defenders of North Carolina's law; (3) will suffer impairment of their significantly protectable interest if the Court does not grant intervention and allow Proposed Intervenors to engage in discovery and a fulsome defense of S.B. 824; and (4) have demonstrated that State Board Defendants have declined to meaningfully defend Senate Bill 824 ("S.B. 824") in both this case and *Holmes v. Moore*, No 18-cv-15292 (N.C. Super. Ct.)—and thus will not adequately protect Proposed Intervenors' significantly protectable interest. *See* Doc. 61 at 10–19. Proposed Intervenors thus are entitled to intervene as of right. Proposed Intervenors have also demonstrated that they satisfy the minimal requirements for permissive intervention. *See id.* at 19–21.

Even if the Court does not agree that Proposed Intervenors are likely to succeed on the merits of their appeal, this factor still cuts in favor of granting a stay if there is "a substantial case on the merits" and the other factors weigh in favor of a stay. *Northrop Grumman Tech. Servs., Inc. v. DynCorp Int'l LLC,* No. 1:16CV534, 2016 WL 3346349, at *3 (E.D. Va. June 16, 2016). At a minimum, the intervention issues in this case meet that

standard: Proposed Intervenors have laid out a compelling case for their right to intervene, particularly given that they possess statutory rights under North Carolina law to defend state-law provisions and that State Board Defendants have not mounted a meaningful defense of S.B. 824. What is more, Proposed Intervenors' intervention papers relied heavily on *Virginia House of Delegates v. Bethune-Hill*, 139 U.S. 1945 (2019), a new decision from the Supreme Court. But the Fourth Circuit has not yet had occasion to grapple with the significance of that decision for motions to intervene filed by state legislators given the statutory right to defend their state laws. Where, as here, a "case raises a number of complex questions and novel legal theories which the Fourth Circuit has yet to evaluate, and the case has potentially large downstream precedential consequences," this first factor will permit staying the proceedings even if the Court "does not believe that [the party] will be able to succeed on these issues" "[f]or the reasons described" in a previous order. *Northrop Grumman Tech. Servs.*, 2016 WL 3346349, at *3 (granting stay pending appeal). This first factor thus supports granting a stay pending appeal.

B. <u>Proposed Intervenors Will Be Irreparably Injured Absent a Stay of This Court's Proceedings Pending Appeal.</u>

Proposed Intervenors "will be irreparably injured absent a stay" of this Court's proceedings during the determination of their right to intervene. *See Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). If the proceedings continue absent Proposed Intervenor's involvement—which they will, and rapidly, given the September 30 pretrial conference and the fact that discovery for and briefing on the preliminary injunction will conclude by the end of October—Proposed Intervenors' ability to vindicate their rights in defending

S.B. 824 will be irreparably injured because they will not be able to participate as a party in this Court's consideration of the motion for a preliminary injunction. This reality demands the grant of a stay pending appeal. *See Greendige*, 2003 WL 22871905, at *3 (staying the district court proceedings to allow the appeal of the denial of a motion to intervene because "the harm" absent a stay "could be significant" where the proposed intervenor "would have been denied any opportunity to be heard" in the action and thus "be deprived of the chance to influence the outcome of a case of great practical significance to her").

As Proposed Intervenors have previously explained, the only remaining Defendants, the State Board members, have not defended this lawsuit on the merits. Instead, the only challenge they have mounted to Plaintiffs' complaint is a failed request for this case to be stayed on abstention grounds. The State Board members have in no way challenged the merits of Plaintiffs' allegations; they did not move to dismiss the complaint under Rule 12(b)(6), and the time for them to do so has expired. *See* Doc. 61 at 14. State Board Defendants' actions in the *Holmes* litigation support this conclusion. Indeed, when faced with the *Holmes* plaintiffs' motion to preliminarily enjoin S.B. 824 in that case, they did not mount *any* defense against the claim that S.B. 824 was enacted with racially discriminatory intent and did not submit *any* expert testimony to rebut the plaintiffs' experts. Indeed, the State Board in *Holmes* would have been content to not even *depose* plaintiffs' witnesses before the preliminary injunction hearing. *See* Doc. 61 at 12–17; Doc. 71 at 2.

Assuming the State Board members take such an approach in the instant litigation (and they have given no indication they will not), barring a stay pending appeal the Court may very well be faced with a request to enjoin S.B. 824 that is neither engaged on the merits nor rebutted on the facts. If the Court grants this relief without a wholehearted defense of S.B. 824, the State's interest in defending the validity of its laws (which Proposed Intervenors have the right to vindicate, *see* Doc. 61 at 12–13) will have been irreparably harmed. *See Maryland v. King*, 567 U.S. 1301, 133 S. Ct. 1, 3 (2012) (Roberts, C.J.) (explaining that "[a]ny time a State is enjoined by a court from effectuating statutes enacted by representatives of its people, it suffers a form of irreparable injury" and granting a stay pending disposition of a writ of certiorari (quotations omitted)). And Proposed Intervenors will suffer irreparable harm to a second interest: the interest of the General Assembly itself in defending S.B. 824's constitutionality and, potentially, its own lawmaking authority moving forward. *See Ariz. State Legislature v. Ariz. Indep. Redistricting Comm'n*, 135 S. Ct. 2652, 2665 (2015); *cf. Bethune-Hill*, 139 U.S. at 1953–54.

The ability to file an amicus brief will not prevent this irreparable harm; mere briefing privileges will not allow Proposed Intervenors to engage in discovery or submit evidence in opposition to Plaintiffs' motion for a preliminary injunction. Given the litigation decisions the State Board has made in *Holmes*, without Proposed Intervenors' involvement in this suit it is possible that *no* party will take these actions—and the disposition of this case while the appeal is pending will irreparably harm Proposed

Intervenors' significant interest in defending S.B. 824. Where, as here, "injury likely cannot be undone" absent a stay, there is threat of irreparable harm which weighs in favor of a stay. *Hollingsworth v. Perry*, 558 U.S. 183, 196 (2010).

C. The Issuance of a Stay Will Not Substantially Injure the Other Parties to This Proceeding.

Staying this Court's proceedings during the appeal of the denial of the motion to intervene will not substantially injure the other parties to this case. Plaintiffs' complaint asserts that they will be harmed by the implementation of S.B. 824—which is not slated to go into effect until the March 2019 primary elections. And Plaintiffs have hardly acted as if time is of the essence, as they waited nearly nine months to file their preliminary injunction motion. Plaintiffs thus will not be harmed in any way (let alone "substantially injure[d]," *see Nken*, 556 U.S. at 434) by this Court briefly staying the proceedings during the pendency of Proposed Intervenors' appeal. Proposed Intervenors will seek to expedite their proceedings in the Fourth Circuit to ensure that any postponement of this Court's consideration of Plaintiffs' motion for a preliminary injunction is minimal. And State Board Defendants will not be injured by the issuance of a stay; indeed, they may be helped, as Proposed Intervenors will be heavily involved in the defense of S.B. 824 if successful on appeal.

If the Court is concerned about the timing of the hearing on the preliminary injunction motion, it can—and should—adopt Propose Intervenors' alternative request for relief: permit Proposed Intervenors to fully engage in discovery, motions practice, and briefing until the Fourth Circuit rules on the appeal. *See infra* Section II.

D. Grant of a Stay Pending Appeal Will Serve the Public Interest.

A stay will serve the public interest because the people of North Carolina have an interest in seeing their democratically enacted laws fully defended. This is particularly so where, as here, S.B. 824 was passed pursuant to a constitutional amendment requiring voter ID that was adopted by a majority of North Carolina voters less than a year ago. Absent allowing Proposed Intervenors to participate with the rights of a party, a stay is the only way that this Court can properly preserve a robust defense of S.B. 824 pending the Fourth Circuit's decision on Proposed Intervenors' intervention bid.[*]

## II. In the Alternative, the Court Should Grant Proposed Intervenors the Right to Participate as Defendants Pending Appeal.

The Court has an alternative option to entering this stay: it can grant Proposed Intervenors the right to fully participate as defendants in this suit during the pendency of this appeal. So long as Proposed Intervenors are permitted to fully engage in discovery, motions practice, submission of evidence, and briefing until the Fourth Circuit rules on the appeal, there is no need to stay the proceedings.

This Court has already granted Proposed Intervenors the right to file an amicus brief and could readily expand Proposed Intervenors' role during the duration of the appeal. It is not unprecedented for Courts to so expand the roles of amici. *See Hoptowit v. Ray*, 682

[*] If the Court grants a stay pending appeal, Proposed Intervenors respectfully ask the Court to waive any bond requirement because Plaintiffs will not suffer costs or damages from the proposed stay. *See Kirby v. Gen. Elec. Co.*, 210 F.R.D. 180, 195 (W.D.N.C. 2000) ("Rule 62(d) does not preclude the issuance of a stay on the basis of some lesser bond, or no bond at all.").

F.2d 1237, 1260 (9th Cir. 1982) (allowing the United States to be an amicus and "participate[] fully in the discovery, trial, and appeal of this case"); *Russell v. Bd. of Plumbing Examiners of Cty. of Westchester*, 74 F. Supp. 2d 349, 351 (S.D.N.Y. 1999), *aff'd*, 1 F. App'x 38 (2d Cir. 2001) (explaining that "[a] court can allow amici to call their own witnesses and cross examine the witnesses of other parties"); *Wyatt By & Through Rawlins v. Hanan*, 868 F. Supp. 1356, 1359–60 (M.D. Ala. 1994) (explaining that amici "can take an active role in some cases beyond providing information" and allowing the United States as amicus to "address any issue raised by one of the parties" and "conduct discovery and participate fully in trial, including examining witnesses and presenting its own witnesses"); *cf. United States v. Massachusetts Mar. Acad.*, 76 F.R.D. 595, 598 (D. Mass. 1977) (allowing a state commission to participate as amicus and stating that the if the commission "believe[s] it possesses evidence relevant to the claims . . . the court assumes that such evidence will be brought to his attention"); *Northside Indep. Sch. Dist. of Bexar, Et Al. Ctys. Texas v. Texas Ed. Agency*, 410 F. Supp. 360, 362–63 (W.D. Tex. 1975) (reopening discovery to allow an amicus to participate in it). Indeed, one court has expressly found that, when a proposed intervenor was appealing the denial of a motion to intervene, it was appropriate to decline to enter a stay pending appeal because the proposed intervenor was "allowed to cross-examine witnesses, present evidence and witnesses, assert motions, and comment on any issue before the court." *Pasha Auto Warehousing, Inc. v. Philadelphia Reg'l Port Auth.*, No. CIV. A. 96-6779, 1998 WL 188848, at *5 (E.D. Pa. Apr. 21, 1998).

Proposed Intervenors welcome the Court to take that approach in this case. Absent the entry of a stay pending appeal, it is the only way to prevent irreparable harm to Proposed Intervenors' right to participate fully in this litigation and ensure that the Court is able to consider Plaintiffs' preliminary injunction motion on a robustly developed record. As discussed previously, the State Board Defendants' actions thus far indicate that they are unlikely to develop a complete record or otherwise fully defend S.B. 824. *See supra* Sections I.A., I.B.

Even if the current State Board Defendants were committed to fully defending S.B. 824, they would face an uphill battle in fulsomely responding to Plaintiffs' motion for a preliminary injunction given the timeframe adopted by the parties. Plaintiffs' preliminary injunction papers include thirteen affidavits and reports, and among these there are five expert reports which total four hundred pages. State Board Defendants have not yet decided whether they will file any expert reports to respond to Plaintiffs' motion. *See* Moss Decl. ¶ 2-B. And, unlike Proposed Intervenors, State Board Defendants did not file any expert reports in *Holmes*, *see id.* ¶ 3—so they will be starting from scratch if they do decide to present any experts in this case. Given the one-month response time, State Board Defendants will face difficulties in building a record that can rebut Plaintiffs' voluminous filings, which are clearly the result of months of preparation on Plaintiffs' part.

But Proposed Intervenors did file expert reports in the *Holmes* litigation and are prepared to offer the same or similar experts to respond to the similar issues in this case. *See id.* ¶¶ 3-B–6. Take, for example, the issue of whether S.B. 824 will disparately impact

minorities, which plays a prominent role in Plaintiffs' brief in support of their motion for a preliminary injunction. Proposed Intervenors filed an expert report from Dr. Janet Thornton in the *Holmes* litigation; she rebutted the matching analysis performed by the plaintiffs' expert and thus responded to allegations of disparate impact. *See id.* ¶ 4; *see also* Affidavit of Janet R. Thornton, Ph.D. (June 19, 2019), Ex. B. Proposed Intervenors intend to offer her testimony in this case; Dr. Thornton will be able to rebut assertions regarding disparate impact from two of Plaintiffs' experts who speak to that issue, *see* Preliminary Expert Report of Allan J. Lichtman for Purposes of Preliminary Inj., Doc. 73-1 (Sept. 17, 2019), at 20–37; Preliminary Expert Report of Michael C. Herron for Purposes of Preliminary Inj., Doc. 73-11 (Sept. 17, 2019), and various lay witnesses who allege the same, *see, e.g.*, Decl. of Robert T. Reives II, Doc. 73-6 (Sept. 17, 2019), at 6–8. Proposed Intervenors also offered a second expert to rebut disparate impact in *Holmes* that they may again use in this case: Professor Trey Hood. *See* Moss Decl. ¶ 5; *see also* Affidavit of M.V. Hood II (June 19, 2019), Ex. C.

The same is true for Plaintiffs' allegations of discriminatory intent. For instance, Plaintiffs assert that the legislative process culminating in S.B. 824's enactment was irregular, which they purport is indicative of discriminatory intent. *See, e.g.*, Doc. 73-1 at 8–20; 46–68; 100–121; Decl. of Marcia Helen Morey, Doc. 73-9 (Sept. 17, 2019), at 3–6. Proposed Intervenors are prepared to offer the testimony of Professor Keegan Callanan to rebut these allegations; as in *Holmes*, he will explain that S.B. 824 was the product of a normal legislative process. *See* Moss Decl. ¶ 6; *see also* Affidavit of Keegan Callanan,

Ph.D. (June 19, 2019), Ex. D.

In short, the Court can avoid staying this action pending appeal and preserve Proposed Intervenors' rights by allowing Proposed Intervenors to offer these and other witnesses, engage in discovery, and fully participate in the briefing and consideration of Plaintiffs' motion for a preliminary injunction. Proposed Intervenors will plan to abide by the October 18 response deadline, pending this Court's approval of it and absent any unforeseen problems with discovery. And Proposed Intervenors' expertise on the various issues before the Court will aid rather than hinder the Court in the prompt resolution of the preliminary injunction. All this will preserve Proposed Intervenors' rights while allowing this Court to continue this action pending the appeal.

## CONCLUSION

For these reasons, Proposed Intervenors respectfully request the Court to stay all proceedings pending resolution of Proposed Intervenors' appeal or, in the alternative, to allow Proposed Intervenors to participate as if they are defendants in this case pending the appeal.

Dated: September 23, 2019

Respectfully submitted,

/s/ Nicole J. Moss
COOPER & KIRK, PLLC
Michael W. Kirk
David H. Thompson
Peter A. Patterson
Nicole J. Moss (State Bar No. 31958)
Haley N. Proctor
Nicole Frazer Reaves

/s/ Nathan A. Huff
PHELPS DUNBAR LLP
4140 ParkLake Avenue, Suite 100
Raleigh, North Carolina 27612
Telephone: (919) 789-5300
Fax: (919) 789-5301
nathan.huff@phelps.com
State Bar No. 40626

1523 New Hampshire Avenue, N.W.
Washington, D.C. 20036
Telephone: (202) 220-9600
Fax: (202) 220-9601
nmoss@cooperkirk.com
*Counsel for Proposed Intervenors*

*Local Civil Rule 83.1 Counsel for Proposed Intervenors*

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that, on September 23, 2019, I electronically filed the foregoing Brief in Support of Proposed Intervenors' Motion for a Stay Pending Appeal or, in the Alternative, to Participate as Defendants Pending Appeal with the Clerk of the Court using the CM/ECF system, which will send notification of such to all counsel of record in this matter.

/s/ Nicole J. Moss
Nicole J. Moss

## CERTIFICATE OF WORD COUNT

Pursuant to Local Rule 7.3(d)(1), the undersigned counsel hereby certifies that the foregoing Brief in Support of Proposed Intervenors' Motion for a Stay Pending Appeal or, in the Alternative, to Participate as Defendants Pending Appeal, contains 4,149 words (including headings and footnotes) as measured by Microsoft Word.

/s/ Nicole J. Moss
Nicole J. Moss