IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| NORTH CAROLINA STATE CONFERENCE OF THE NAACP, CHAPEL HILL—CARRBORO NAACP, GREENSBORO NAACP, HIGH POINT NAACP, MOORE COUNTY NAACP, STOKES COUNTY BRANCH OF THE NAACP, WINSTON-SALEM—FORSYTH COUNTY NAACP, | ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | 1:18CV1034 |
| ROY ASBERRY COOPER III, *in his official capacity as the Governor of North Carolina*; ROBERT CORDLE, *in his official capacity as Chair of the North Carolina State Board of Elections*; STELLA ANDERSON, *in her official capacity as Secretary of the North Carolina State Board of Elections*; KENNETH RAYMOND, JEFFERSON CARMON III, and DAVID C. BLACK, *in their official capacities as members of the North Carolina State Board of Elections*, | ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

LORETTA C. BIGGS, District Judge.

Before the Court is a motion captioned "Renewed Motion to Intervene," (ECF No. 60), by Philip E. Berger, in his official capacity as President Pro Tempore of the North Carolina Senate, and Timothy K. Moore, in his official capacity as Speaker of the North Carolina House of Representatives (collectively, "Proposed Intervenors"). For the reasons that follow, the motion will be denied.

## I. BACKGROUND

Plaintiffs initiated this action on December 20, 2018, challenging the constitutionality of specific provisions of Senate Bill 824 ("S.B. 824"), "An Act to Implement the Constitutional Amendment Requiring Photographic Identification to Vote."[1] (*See* ECF Nos. 1; 8-2 at 2.) On January 14, 2019, Proposed Intervenors filed a motion to intervene on behalf of the General Assembly, seeking intervention as of right pursuant to Federal Rule of Civil Procedure 24(a) or, alternatively, permissive intervention pursuant to Rule 24(b). (*See* ECF Nos. 7; 8 at 2.) In its June 3rd order, this Court denied that motion, but did so without prejudice to the motion being renewed "if it [could] be demonstrated that State Defendants have in fact declined to defend the instant lawsuit."[2] (ECF No. 56 at 23). The June 3rd order was not appealed within the time required and, therefore, remains the law of this case. *See Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 815–16 (1988); *Smith v. SEECO, Inc.*, 922 F.3d 398, 404 (8th Cir. 2019).

On July 19—just six weeks after the Court denied their motion to intervene—Proposed Intervenors filed the instant motion, contending that the Defendant State Board of Election's (the "State Board") conduct in this case and a related state-court case, *Holmes v. Moore*, No. 18-cv-15292 (N.C. Super. Ct.), had made it "apparent that the State Board will

---

[1] The legislative origins of S.B. 824 and the early procedural history of the instant suit are adequately set out in this Court's June 3, 2019 order (the "June 3rd order") denying Proposed Intervenors' motion to intervene. (*See* ECF No. 56 at 2–4.)

[2] Proposed Intervenors were granted the right to participate as *amici curiae*. (ECF No. 56 at 23.) Determination of the extent and manner of that participation is solely within the Court's discretion. *See Smith v. Pinion*, No. 1:10-CV-29, 2013 WL 3895035, at *1 (M.D.N.C. July 29, 2013) (citing *United States v. Michigan*, 940 F.2d 143, 164–65 (6th Cir. 1991)).

decline to defend adequately, if at all, the key claim in this lawsuit." (ECF Nos. 60; 61 at 6–7, 9.) On September 17, Proposed Intervenors informed this Court that, in the event their renewed motion was not decided by September 20, they would treat the Court's silence as a "de facto denial of their motion." (ECF No. 71 at 4.) No decision was issued, and on September 23 Proposed Intervenors filed a notice of appeal from the self-declared "de facto denial of their Renewed Motion to Intervene." (ECF No. 74 at 2.) On September 26, Proposed Intervenors further filed a petition for writ of mandamus, asking the Fourth Circuit to order this Court to allow intervention. (ECF No. 81 at 2.) The Fourth Circuit summarily dismissed both the interlocutory appeal and the mandamus petition on October 8. (ECF Nos. 88, 90.)

The State Board of Elections neither consents nor objects to the instant motion, but remains adamant that it is "ready to defend the constitutionality of [S.B. 824]." (ECF No. 65 at 2.) Plaintiffs, on the other hand, oppose the instant motion on the grounds that "no [newly] relevant facts or circumstances" have arisen in the time since the earlier denial, and that the Court's reasons for denying permissive intervention "apply with even greater force now." (ECF No. 66 at 14–15, 20.)

## II.  DISCUSSION

In support of this motion, Proposed Intervenors state that they "continue to believe that they were entitled to intervene as of right based on the arguments made in their prior briefing to the Court." (ECF No. 61 at 16 n.1.) They further argue that they "reserve the right to challenge the Court's rejection of those arguments on appeal." (*Id.*) It is clear that Proposed Intervenors misapprehend the status and posture of this case. This Court's Rule

24(a) analysis, set out extensively in its June 3rd order denying Proposed Intervenors' motion to intervene, remains undisturbed. Proposed Intervenors had the opportunity to appeal the Court's denial order; they failed to do so.

This Court has ruled, and the arguments addressed in its June 3rd denial order will not again be addressed here.[3] *See SEECO*, 922 F.3d at 404 (explaining that "[t]he denial of a second motion to intervene covering the same grounds as the first . . . does not restart the clock for purposes of an appeal"). Rather this Court will only consider whether Proposed Intervenors have presented evidence, newly available, that speaks to the narrow exception outlined in its prior order: that which "demonstrate[s] that [the State Board] ha[s] in fact declined to defend the instant lawsuit." (ECF No. 56 at 23.)

This Court previously explained that Proposed Intervenors' "subjective belief in [the State Board's] ability and incentive to litigate this action" is insufficient to support their claim to intervention as of right. (*Id.* at 18.) However, Proposed Intervenors now argue that the State Board's recent conduct in both this case and *Holmes* amounts to something more—hard

---

[3] Nor does Supreme Court's recent decision in *Virginia House of Delegates v. Bethune-Hill*, which reaffirmed states' prerogative to "designate agents to represent them in federal court," change the calculus. 139 S. Ct. 1945, 1951 (2019). Proposed Intervenors argue that North Carolina law "undoubtedly" assigns them as the State's agents in this case. (*See* ECF No. 61 at 17–18.) However, it is far from clear whether Proposed Intervenors are authorized to intervene when the State Board and Attorney General are already defending a suit in federal court. *Compare* N.C. Gen. Stat. § 1-72.2(a) ("a federal court . . . is *requested* to allow both the legislative branch and executive branch" to participate) (emphasis added) *and* § 120-32.6(b) ("Whenever the validity or constitutionality of an act of the General Assembly" is the subject of an action in federal court, "[Proposed Intervenors] shall be necessary parties . . . .") *with* § 114-2 (it is the Attorney General's duty "to appear for the State [and] represent all State departments" and organizations). Ultimately, it is this Court's obligation to determine whether each of the requirements for intervention as of right have been satisfied under federal law. *See Virginia v. Westinghouse Elec. Corp.*, 542 F.2d 214, 216 (4th Cir. 1976). So long as the State Board and Attorney General are defending this suit, this Court's intervention-as-of-right analysis remains unchanged. (*See* ECF No. 56 at 9–11.)

4

evidence of an "unwillingness to robustly defend S.B. 824." (ECF No. 61 at 20.) As detailed below, it is abundantly clear that the State Board is actively and adequately defending this lawsuit. Nevertheless, the Court will evaluate Proposed Intervenors' new allegations.

### A. The Executive Branch Is Defending This Lawsuit

Proposed Intervenors contend that "the executive branch has declined to robustly and fully defend S.B. 824 in this suit." (*Id.* at 19.) A review of the proceedings suggests otherwise. From the outset, the State Board has consistently "denied all substantive allegations of unconstitutionality" in this case. (*See* ECF Nos. 59; 65 at 6–7.) As one of its first actions, the Board moved to dismiss the suit on federalism grounds; had it succeeded, that motion would have brought this case to a temporary or complete halt. (ECF No. 57 at 6–11.) Further, the Board recently filed an expansive brief opposing Plaintiffs' motion for preliminary injunction on the merits. (*See* ECF No. 97 at 18–43.) In sum, it is clear to this Court that, at present, the State Board and Attorney General are "meeting [their] duty to defend this action." (ECF No. 65 at 10.) Proposed Intervenors have offered no real evidence to the contrary.

### B. The Litigation Choices in *Holmes* Do Not Indicate a Failure to Defend

Proposed Intervenors urge the Court to look *outside* of this suit, arguing that the Board's litigation choices in *Holmes* are predictive of how its defense strategy will ultimately develop here. (*See* ECF No. 61 at 20.) Proposed Intervenors do not point to a single case suggesting that a defendant's performance—whether adequate, inadequate, or otherwise—in one lawsuit invites intervention in another. Further, the Court finds no merit in Proposed Intervenors' argument that it should draw inferences about how the State Board will act when, as here, the

5

parties, claims, and forums in the two cases are all distinct.[4] (*See* ECF No. 65-3.) Even so, Proposed Intervenors highlight three litigation choices in *Holmes* which, they contend, demonstrate the State Board's refusal to adequately defend S.B. 824. The Court will address each in turn.

First, Proposed Intervenors note that the State Board only moved to dismiss five of the six claims brought by the plaintiffs in *Holmes*. (ECF Nos. 61 at 20; 65 at 7.) They argue that this effort was inadequate because the remaining claim—that the General Assembly enacted an intentionally discriminatory law in S.B. 824—is "the key claim in both *Holmes* and the instant suit." (ECF No. 61 at 20.) However, the decision not to file a motion to dismiss the intentional discrimination claim fell well within the range of reasonable litigation strategies. As explained in this Court's June 3rd order, mere strategic disagreements are "not enough to rebut the presumption of adequacy." (ECF No. 56 at 16–17 (citing *Stuart v. Huff*, 706 F.3d 345, 353 (4th Cir. 2013)).) Further, as it turns out, of the two dismissal strategies adopted in *Holmes*, the State Board's approach seems to have been the wiser: The three-judge panel agreed to dismiss every claim *except* the intentional discrimination claim, despite Proposed Intervenors having so moved.[5] (*See* ECF No. 65-3 at 6.)

---

[4] In *Holmes*, Proposed Intervenors are original named defendants alongside the State Board; the plaintiffs' claims allege violations of the North Carolina Constitution; and the case is being heard by a three-judge, superior-court panel specifically constituted to adjudicate facial challenges to state laws. (*See* ECF No. 65-3); *see generally* N.C. Gen. Stat. § 1-267.1(b1).

[5] Proposed Intervenors further argue that the State Board's failure to move for dismissal of the intentional-discrimination claim is "especially problematic" because "it is the claim that prevailed against the State's prior voter ID law." (*See* ECF No. 61 at 20 (citing *North Carolina State Conf. of NAACP v. McCrory*, 831 F.3d 204, 214 (4th Cir. 2016)).) However, by that same logic, the State Board could have reasonably understood that a motion to dismiss the intentional-discrimination claim in *Holmes* was unlikely to succeed (and, ultimately, did not succeed). Under these circumstances, it would

6

Second, Proposed Intervenors assert that the State Board "failed to mount *any* substantive defense to the plaintiffs' preliminary injunction motion" in *Holmes*. (ECF No. 61 at 6.) The three-judge panel ultimately denied the *Holmes* plaintiffs' request; an outcome that Proposed Intervenors attribute to their own vigorous advocacy. (*Id.* at 13; ECF No. 65-3 at 7.) However, the State Board also filed a written brief and participated in oral argument in opposition to the plaintiffs' motion for a preliminary injunction. (*See* ECF Nos. 61-14 at 10–14; 65 at 7.) Proposed Intervenors present no compelling evidence that their advocacy alone was responsible for the outcome; the panel's one-sentence explanation of its reasoning simply stated that "Plaintiffs have failed to demonstrate a likelihood of success on the merits." (ECF No. 65-3 at 7.) Furthermore, while a "primary objective" of the State Board in opposing the preliminary injunction was to "expediently obtain clear guidance on what law, if any, will need to be enforced," (ECF No. 61-14 at 14), there is simply no evidence that it abandoned the goal of "defend[ing] the constitutionality" of S.B. 824, (ECF No. 65 at 2). *See also Stuart*, 706 F.3d at 354 ("It was eminently reasonable for the Attorney General to believe that the interests of North Carolina's citizens would best be served by an expeditious final ruling . . . .").

Last, according to Proposed Intervenors, the State Board's approach to discovery in *Holmes* was sorely deficient. (ECF Nos. 61 at 21; 61-8 at 4.) While it does not indicate the extent of its participation, the State Board has stated that it "participated in extensive fact discovery." (ECF No. 65 at 7.) Given Proposed Intervenors' active role in the *Holmes* discovery, it was entirely reasonable for the State Board to focus its energies elsewhere.

---

be wrong to draw any negative inferences from the State Board choosing to conserve resources and stay its hand.

Further, there is no indication that the State Board will take a hands-off approach in the instant case. Rather, the parties recently submitted their Joint Report pursuant to Federal Rule of Civil Procedure 26(f) and discovery appears to be proceeding normally. (ECF No. 77.)

In sum, Proposed Intervenors have failed to present evidence sufficient to warrant reconsideration of this Court's prior order. Having reviewed the State Board's chosen course of defense in *Holmes*, this Court cannot conclude that it was inadequate, unreasonable, or in any way relevant to how *this* case is likely to proceed. Accordingly, *Holmes* provides no sound basis on which to speculate—and it would be speculation only—that the State Board and Attorney General will abandon their duty to defend S.B. 824 in this case.

### C. Permissive Intervention

The decision to grant or deny permissive intervention "lies within the sound discretion of the trial court," which is "in the best position to evaluate" the effect of intervention on the management of a case. *See Stuart*, 706 F.3d at 349–50; *Smith v. Pennington*, 352 F.3d 884, 892 (4th Cir. 2003).

In its June 3rd order denying the motion to intervene, this Court concluded that the addition of Proposed Intervenors as defendants would "hinder, rather than enhance, judicial economy" and "unnecessarily complicate and delay" the progression of this case. (*See* ECF No. 56 at 21 (citing *One Wis. Inst., Inc. v. Nichol*, 310 F.R.D. 394, 399–400 (W.D. Wis. 2015)).) Far from relieving those concerns, Proposed Intervenors' actions—prematurely filing the instant motion which, as before, is based on the subjective belief that their litigation strategy is superior to that of the State Board; deciding for themselves, without any basis in law or fact, that a "de facto denial" of this motion had occurred; initiating an appeal on that improper

basis; and seeking the extraordinary remedy of mandamus—has further convinced this Court that intervention would only distract from the pressing issues in this case. Accordingly, the Court sees no basis to likewise revisit its denial of permissive intervention, and Proposed Intervenors' request for it to do so will be denied.

For the reasons outlined herein, the Court enters the following:

## ORDER

IT IS THEREFORE ORDERED that the motion captioned "Renewed Motion to Intervene" by Philip E. Berger, in his official capacity as President Pro Tempore of the North Carolina Senate, and Timothy K. Moore, in his official capacity as Speaker of the North Carolina House of Representatives, (ECF No. 60), is DENIED WITH PREJUDICE.

IT IS FURTHER ORDERED that, as outlined in its June 3rd order, Proposed Intervenors are permitted to participate in this action by filing *amicus curiae* briefs.

This, the 7th day of November 2019.

/s/ Loretta C. Biggs
United States District Judge