UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO. 1:18-cv-01034

| | |
|---|---|
| NORTH CAROLINA STATE CONFERENCE OF THE NAACP, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>DAMON CIRCOSTA, in his official capacity as Chair of the North Carolina State Board of Elections, et al.,<br><br>Defendants. | **STATE BOARD DEFENDANTS' BRIEF IN SUPPORT OF MOTION FOR LEAVE TO FILE NOTICE OF INTENT TO FILE A DISPOSITIVE MOTION AND EXTEND THE DISPOSITIVE-MOTION DEADLINE** |

## MATTER BEFORE THE COURT

The State Board Defendants request that the Court grant them leave to file a Notice of Intent to File a Dispositive Motion pursuant to L. Civ. R. 56.1(a) and (b), and for the Court to set the deadline to file such a dispositive motion for August 31, 2021.

## STATEMENT OF THE FACTS

On December 20, 2018, Plaintiffs filed the Complaint in this matter alleging that North Carolina's newly enacted voter ID requirements and revisions to the laws concerning poll observers and ballot challenges, contained in N.C. Session Law 2018-144, violate section 2 of the Voting Rights Act due to their racially disparate impact, and violate the Fourteenth and Fifteenth Amendments of the U.S. Constitution because they were enacted with racially discriminatory intent. [D.E. 1].

On September 17, 2019, Plaintiffs filed a Motion for Preliminary Injunction. [D.E. 73]. State Board Defendants opposed the motion [D.E. 97], and after a hearing [D.E. 119], the Court issued a preliminary injunction on December 31, 2019. [D.E. 120]. State Board Defendants appealed the preliminary injunction, and on December 2, 2020, the Fourth Circuit reversed the injunction in a published opinion. [D.E. 124]. Plaintiffs petitioned for en banc rehearing of that decision, the Fourth Circuit denied that petition on February 8, 2021, and the mandate issued on February 16, 2021. [D.E. 156, 157].

On April 9, 2021, the Eleventh Circuit Court of Appeals issued a decision in *Greater Birmingham Ministries v. Sec'y of State for State of Alabama*, 992 F.3d 1299 (11th Cir. 2021). That decision affirmed summary judgment against claims, similar to those brought here, alleging that Alabama's voter ID law—which is stricter than North Carolina's—was enacted with racially discriminatory intent and violated section 2 of the Voting Rights Act due to its racially disparate impact. The plaintiffs in that case petitioned for en banc rehearing, and the Eleventh Circuit denied that petition on June 1, 2021. *Greater Birmingham Ministries v. Sec'y of State for the State of Alabama*, 997 F.3d 1363, 1364 (11th Cir. 2021).

On July 1, 2021, the United States Supreme Court issued a decision in *Brnovich v. Democratic Nat'l Comm.*, 141 S. Ct. 2321 (2021), clarifying the standards for judging disparate-impact claims brought under section 2 of the Voting Rights Act, as Plaintiffs have asserted here. *Brnovich* also clarified the standards for determining whether a state legislature acted with racially discriminatory intent, as Plaintiffs have also asserted here.

Discovery closed on June 1, 2020, [D.E. 87], long before the above legal authorities were published.

## QUESTION PRESENTED

Whether recent changes in the law applicable to this case, long after the close of discovery, justify the filing of a Notice of Intent to File Dispositive Motion and the filing of such a dispositive motion past the original deadline for such filings.

## ARGUMENT

Under Rule 6(b), an elapsed deadline may be extended upon a showing of good cause and where the movant failed to act before the deadline because of excusable neglect. Fed. R. Civ. P. 6(b)(1)(B). Good cause and excusable neglect justify the allowance of the notice of, and filing of, a dispositive motion after the original deadlines have elapsed, especially because the authorities that would support such a motion were unknown at the time of the original deadlines and have only recently come to light.

Excusable neglect "is an equitable concept that must take account of all relevant circumstances of the party's failure to act within the required time." Wright & Miller, 4B Fed. Prac. & Proc. Civ. § 1165 (4th ed.). Four factors that courts consider to analyze excusable neglect are: (1) the danger of prejudice to the opposing party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith. *Pioneer Inv. Servs. Co. v. Brunswick Associates Ltd. P'ship*, 507 U.S. 380, 395 (1993); *In re MI Windows & Doors, Inc., Products Liab. Litig.*, 860

3

F.3d 218, 226 (4th Cir. 2017).  Importantly, however, the Supreme Court has explained that where circumstances beyond a party's control account for the inability to meet a deadline, this would "plainly" support a finding of excusable neglect.  *Pioneer Inv. Servs.*, 507 U.S. at 394.  This is the case here.

1. Regarding the first factor, Plaintiffs are not prejudiced by having to defend against a summary judgment motion.  If the law supports judgment for defense, as Defendants will contend in a summary-judgment motion, Plaintiffs' case is undermined by the law, not by any delay in filing a dispositive motion.  Plaintiffs are fully capable of mounting an opposition to summary judgment, just as they were capable to litigating their preliminary injunction motion and the appeal that it generated.

2. As for the second factor, undoubtedly, Defendants have delayed in bringing a dispositive motion, and for the good reason that the applicable law developed significantly since the original deadlines, as explained with respect to factor 3 below.  But that delay should not negatively impact the judicial proceedings.  To the contrary, the recent legal authorities could entirely dispose of this case without trial.  Granting this Motion is therefore in the interests of judicial economy.  *See* Wright & Miller, 4B Fed. Prac. & Proc. Civ. § 1165 (4th ed.) ("The court's power to extend time under Rule 6(b) will be employed to achieve 'the just, speedy, and inexpensive determination of every action' as required by Rule 1.").

Moreover, there appears to be sufficient time for a dispositive motion to be briefed and ruled on by the Court prior to trial.  *Cf.* L. Civ. R. 56.1(g) ("A dispositive motion

4

which is not noticed and filed within the prescribed time will not be reached by the Court prior to trial *unless the Court determines that its consideration will not cause delay to the proceedings*." (emphasis added)). Under the State Board Defendants' proposed schedule and pursuant to the Local Rules, the opening summary-judgment brief would be due by August 31, 2021, the response brief would be submitted, at the latest, by September 30, 2021, and any reply would be submitted, at the latest, by October 14, 2021. Trial is currently scheduled for January 3, 2022. [D.E. 158].

3. Most importantly, according to the third factor, excusable neglect exists here because the out-of-time request is being made because of reasons outside of Defendants' control—the law directly applicable to this case has considerably changed since the close of discovery in June 2020 and the original dispositive-motion deadline in July 2020. At that time, State Board Defendants did not believe it to be in the best interest of their clients, or judicial economy, to move for summary judgment. However, three recent legal developments have changed that assessment and justified moving for summary judgment.

First, in February, the Fourth Circuit's decision reversing the injunction entered in this case became effective. [D.E. 157]. The State Board Defendants plan to show in a summary judgment motion that the Fourth Circuit's opinion provides grounds for this Court to conclude, based on the undisputed facts presented in this case and materials that the Court may take judicial notice of, that Plaintiffs' intentional-discrimination claims fail as a matter of law.

5

Second, just last month, the Eleventh Circuit's decision in *Greater Birmingham Ministries* affirming summary judgment on claims against a stricter voter ID law became final with the denial of en banc rehearing. As the State Board Defendants intend to show in a summary-judgment motion, that decision provides persuasive authority to support summary judgment here, especially because it shows that discriminatory-intent and disparate-impact claims can be adjudicated at summary judgment—in the context of a voter ID challenge, moreover.

Third, only two weeks ago, the Supreme Court issued the *Brnovich* decision which, as the State Board Defendants intend to show in a summary-judgment motion, both reinforces the Fourth Circuit's decision with regard to Plaintiffs' intentional-discrimination claims and leads to the conclusion that Plaintiffs' disparate-impact claims fail as a matter of law.

The combination of these decisions, the Defendants intend to show, undermines all of Plaintiffs' claims.

4. Finally, with respect to the fourth factor, the State Board Defendants have acted in good faith. The foregoing authorities were clearly unknown to Defendants at the close of discovery and were not published until very recently. State Board Defendants have moved with due haste to review and evaluate this matter in light of the changed circumstances presented above. On June 9, 2021, eight days after *Brnovich* was decided, the undersigned counsel emailed Plaintiffs' counsel to schedule a call to inform the Plaintiffs of their intent to seek the relief in this Motion. The next business day, June 12,

2021, counsel conferred via phone and Defendants' counsel requested Plaintiffs' position on this Motion within two days. Plaintiffs obliged and informed Defendants' counsel yesterday afternoon that they would oppose the Motion. Defendants now file this Motion the next day.

For these reasons, good cause and excusable neglect exist to permit the Defendants to file a notice of intent to file a dispositive motion, and to file a dispositive motion, past the time allowed under the Local Rules.

Finally, the State Board Defendants respectfully request that the dispositive-motion deadline be reset for the end of August, 2021, and for good cause. One of the undersigned counsel has two weeks of preplanned family vacation between now and August 6, 2021. And both of the undersigned counsel will be in trial during the week of August 16, 2021. Thus, setting a dispositive-motion deadline for the end of August will allow defense counsel sufficient time to prepare a summary-judgment motion and brief, now that the Defendants have concluded that such a motion is warranted by the recent authorities.

## CONCLUSION

For the foregoing reasons, State Board Defendants respectfully request that the Court grant leave to State Board Defendants to file a late Notice of Intent to file a Dispositive Motion, and extend the disposition motion deadline to August 31, 2021.

Respectfully submitted this 15th day of July, 2021.

JOSHUA H. STEIN
Attorney General

/s/ Paul M. Cox
Paul M. Cox
Special Deputy Attorney General
N.C. State Bar No. 49146
Email: pcox@ncdoj.gov

Terence Steed
Special Deputy Attorney General
N.C. State Bar No. 52809
E-Mail: tsteed@ncdoj.gov

N.C. Department of Justice
Post Office Box 629
Raleigh, NC 27602
Telephone: (919) 716-0185
Facsimile: (919) 716-6759

*Counsel for the State Board Defendants*

**CERTIFICATE OF WORD COUNT**

The undersigned counsel hereby certifies that the foregoing brief complies with the word limit in Local Rule 7.3(d)(1), as measured by Microsoft Word.

/s/ Paul M. Cox
Paul M. Cox
Special Deputy Attorney General
