```
 1                  IN THE UNITED STATES DISTRICT COURT
                FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
 2


 3  NORTH CAROLINA STATE         )     CASE NO. 1:18CV1034
    CONFERENCE OF THE NAACP, et al.)
 4                               )
            Plaintiffs,          )
 5                               )
            vs.                  )
 6                               )     Winston-Salem, North Carolina
    ROY A. COOPER, et al.,       )     September 17, 2021
 7          Defendants.          )     10:15 a.m.
    _____

 8


 9          TRANSCRIPT OF THE **TELEPHONIC STATUS CONFERENCE**
              BEFORE THE HONORABLE LORETTA C. BIGGS
10                 UNITED STATES DISTRICT JUDGE


11


12  APPEARANCES: (By Telephone)


13  For the Plaintiff:       CAITLIN SWAIN-McSURELY, ESQ.
                             JEREMY C. KARPATKIN, ESQ.
14                           JOHN C. ULIN, ESQ.
                             ARNOLD & PORTER KAYE SCHOLER LLP
15                           601 Massachusetts Avenue, NW
                             Washington, DC 20001-3743

16


17                           IRVING L. JOYNER, ESQ.
                             P.O. Box 374
18                           Cary, North Carolina 27512


19
    For the Defendants:      TERENCE P. STEED, ESQ.
20                           LAURA H. McHENRY, ESQ.
                             NORTH CAROLINA DEPARTMENT OF JUSTICE
21                           P.O. Box 629
                             Raleigh, North Carolina 27602

22


23  Court Reporter:          BRIANA L. BELL, RPR
                             Official Court Reporter
24                           P.O. Box 20991
                             Winston-Salem, North Carolina 27120

25
```

        NAACP v. Cooper  -- Status conference -- 9/17/21

```
1              P R O C E E D I N G S

2          THE COURT:  Good morning to all.  This is Judge

3  Biggs.  How is everybody this morning?

4          All right.  Why don't we do this.  Why don't I have

5  Plaintiffs tell me who is on the line, and then we'll do the

6  same with Defendants.

7          MS. SWAIN:  Good morning, Your Honor, Caitlin Swain

8  on the line for the Plaintiffs.  With me this morning is Irving

9  Joyner, John Ulin, and Jeremy Karpatkin.

10         THE COURT:  Thank you.

11         Let me hear from Defendants.

12         MR. STEED:  Good morning, Your Honor.  This is

13 Terence Steed for the Defendants.  I also have Laura McHenry on

14 the line.

15         THE COURT:  All right.  Thank you.

16         I asked that we come together because I wanted to

17 make sure we were all on the same page with respect to this

18 matter going to trial and to find out from you what you

19 anticipate as the length of the trial and whether or not you

20 would have witnesses that would be testifying remotely.

21         So why don't we start with the trial date.

22 Currently, the trial is scheduled for the January master trial.

23 However, because I am not on that master calendar, I have

24 removed it.  Now, I do have a week in January that I can try

25 this case, which is the week of January 24th.
```

NAACP v. Cooper  -- Status conference -- 9/17/21

1          The only other alternative we have -- I am on the

2    master calendar during the month of April and May, actually,

3    but I'm thinking that that is too close to the election next

4    year, that you would perhaps to want to get this done in

5    January.

6          So let me hear first from Plaintiffs.

7          **MS. SWAIN:**  Yes, Your Honor.  The Plaintiffs'

8    position would be that we would not want to push the trial to

9    the April or May date master calendar for the exact reasons

10   that you stated.  Our concern would be that would place us too

11   close to the election for a final judgment in this matter.

12          I will foreshadow that our estimate -- Plaintiffs'

13   estimate of time necessary for our case was closer to eight

14   days, looking at around 50 hours of evidence, including

15   cross-examination.  But, of course, we would -- our strong

16   preference would be to move forward with the time that the

17   Court has available for us in that January time period.

18          **THE COURT:**  So this is very different than you

19   actually put in your filings.  I understood that both attorneys

20   had indicated a trial length of five days.  Is that not

21   correct?

22          **MS. SWAIN:**  Yes, Your Honor, you are absolutely

23   correct.  In our 26(f) filings, that was our estimate.  In

24   light of the Fourth Circuit's decision, we have -- we had

25   estimated additional evidence time to be able to give Your

NAACP v. Cooper  -- Status conference -- 9/17/21

1 Honor the full breadth of evidence that we believe the Court

2 may require, but we also understand that those were -- that was

3 our initial estimate.  You are correct.

4        **THE COURT:**  All right.  So you anticipate that your

5 side of the case, your presentation of evidence, would be eight

6 days.  Is that what you're telling me?

7        **MS. SWAIN:**  Yes, Your Honor, including opening and

8 closing as well as our estimates, which are obviously rough, as

9 to cross-examination of any witnesses that Defendants plan to

10 put on.

11        **THE COURT:**  All right.  We will do a trial protocol,

12 and I am going to ask in that protocol that you set forth each

13 of your witnesses as well as estimations of time for direct as

14 well as cross, but we'll get to that later.

15        Let me hear from Defendants at this point in terms of

16 your thinking about the presentation of your evidence.

17        **MR. STEED:**  Thank you, Your Honor, Terence Steed for

18 the Defendants.

19        Just to go back there, just so everyone is aware, the

20 2022 statewide primary is scheduled for March 8, 2022.  I would

21 guess that wouldn't really matter either for January or a later

22 trial date since this is a bench trial, and I wouldn't expect a

23 ruling from the bench or anything while we're on trial.

24        As far as our presentation, I don't believe that has

25 changed for us on the 26(f) filings.  We would estimate two

NAACP v. Cooper  -- Status conference -- 9/17/21

 1  days at the outside probably.  It's possible we could be done

 2  in one day.  Two days would probably be including our

 3  cross-examination time and our witnesses.  It's possible we

 4  would need three if Plaintiffs' case became more expansive than

 5  we expected and required us to bring in other witnesses; but as

 6  for now, two days is the ballpark of where we would be.

 7          **THE COURT:**  All right.  Let me ask my case manager

 8  what that following week looks like for me.  When do we

 9  actually begin the criminal term?

10          **COURTROOM DEPUTY CLERK:**  We begin the criminal term

11  the first week of December 6th.

12          **THE COURT:**  No, no, no.  I mean for February.

13          **COURTROOM DEPUTY CLERK:**  I'm sorry.  It will begin

14  February 7th.

15          **THE COURT:**  February 7th.  Okay.  So let me look at

16  my calendar here.

17          All right.  It looks like if we leave it with that

18  additional time, I do have it.  I am bumping up against my

19  criminal term, but it makes sense to me for us to move forward

20  with this in January in light of all that we'll have going on

21  next year.  So why don't we plan to begin this trial on the

22  24th, on January the 24th.  And you will receive notice of

23  that.

24          Now, in terms of -- at this point I don't know what

25  our COVID situation will be.  I have done a number of bench

NAACP v. Cooper  -- Status conference -- 9/17/21

1  trials during COVID, and we do have protocols in place, which

2  would mean that we would limit the number of folks in this

3  courtroom as best we could as well as, of course, practicing

4  social distancing and masking.

5          I don't know if you have -- if either side has

6  witnesses that you would ask testify via a video link versus

7  being personally in court due to travel.

8          Why don't we start with Plaintiffs.  Are you aware of

9  those kind of circumstances at this point --

10         **MS. SWAIN:**  Your Honor --

11         **THE COURT:**  -- if we have to deal with COVID

12  protocols?

13         **MS. SWAIN:**  Yes, Your Honor.  We do have at least two

14  expert witnesses who are out of state.  If we have a COVID

15  protocol in place that would give them the option of being able

16  to testify remotely, if necessary, we would appreciate that;

17  but we have asked all of our witnesses to be prepared for an

18  in-person proceeding at this time.

19         **THE COURT:**  All right.  Let me hear from Defendants.

20         **MR. STEED:**  Your Honor, our witnesses will be coming

21  from in state here in Raleigh, so I don't think we would

22  anticipate any problem with them being in person.  And, I mean,

23  just from a personal preference, I would prefer in-person

24  rather than remote witnesses, if possible.

25         **THE COURT:**  All right.  Now, let me ask you if it

NAACP v. Cooper  -- Status conference -- 9/17/21

1  would -- I don't know if you're going to ask me at some point

2  not to require a mediation.  We can resolve that today if

3  anyone cares to be heard on that issue.

4          **MR. STEED:**  I would imagine that, short of Plaintiffs

5  dismissing their case, we're probably not going to resolve this

6  particular one in settlements.

7          **THE COURT:**  That's my guess, but I don't want to -- I

8  want to give you that opportunity if you wish to have that

9  opportunity.

10          **MS. SWAIN:**  Yes, Your Honor.  I think Plaintiffs

11  understand that requiring a mediation would likely be a waste

12  of the parties' time at this juncture and the Court's.

13          **THE COURT:**  All right.  So we won't go through that

14  exercise.

15          Are there issues -- I don't see any pending motions

16  that we need to address prior to trial.  Now, I know you could

17  file some motions in limine, and we'll address those as they

18  come about.

19          But are there other issues that we need to address at

20  this time?

21          **MR. STEED:**  As you know, we did seek leave to file a

22  late motion for summary judgment and Magistrate Judge Auld

23  denied that, but did point us towards Local Rule 56.1(g).  It

24  is Defendants' intention at this time to file a late motion for

25  summary judgment by the end of this month.  So we're just

NAACP v. Cooper  -- Status conference -- 9/17/21

1 flagging that for Your Honor.  We do understand the protocols

2 and procedures under 56.1(g).  We're just letting you know we

3 do intend to file it.

4          **THE COURT:**  All right.  Do Plaintiffs care to be

5 heard as it relates to that?

6          **MS. SWAIN:**  Your Honor, we have briefed -- we briefed

7 this matter in our opposition to the untimely motion.  You

8 know, we do believe that this is -- not only would this motion

9 delay -- create unnecessary delay and prejudice if the Court

10 were to determine that it needed to be litigated prior to

11 trial, but also that it -- just the matters of this case are

12 highly fact intensive and not amenable to disposition by a

13 summary judgment.

14          So we would be happy to be -- to -- I mean, I'm happy

15 to share more on that if the Court wants to hear more of our

16 position today, but it's the same position that we already

17 briefed.

18          **THE COURT:**  All right.  Well, if something comes

19 before me, I will address it appropriately, and we'll move

20 forward.  There is -- I will not allow any movement of this

21 trial, and so I ask that all parties be prepared to move

22 forward on January the 24th.

23          Are there other issues that either side cares to

24 address with me at this time?

25          That concludes my issues.  I just didn't want there

NAACP v. Cooper  -- Status conference -- 9/17/21

1  to be any misunderstanding about when this trial would be

2  heard.

3          **MS. SWAIN:**  None from Plaintiffs, Your Honor.

4          **MR. STEED:**  And none from the Defendants, Your Honor.

5          **THE COURT:**  All right.  Well, I appreciate you taking

6  the time this morning.  We will proceed in going to trial.  You

7  will receive notice and notice of all filings that filing

8  deadlines require.

9          Are there -- there appear to be no other issues that

10  we need to address at this time.  So I look forward to seeing

11  you as we begin trial in this matter.

12          **MS. SWAIN:**  Thank you very much, Your Honor.

13          **MR. STEED:**  Thank you very much, Your Honor.

14          **THE COURT:**  All right.  Conclude this call, please.

15      (END OF PROCEEDINGS AT 10:15 A.M.)

16

17                              ******

18

19

20

21

22

23

24

25

    NAACP v. Cooper  -- Status conference -- 9/17/21

1   UNITED STATES DISTRICT COURT

2   MIDDLE DISTRICT OF NORTH CAROLINA

3   CERTIFICATE OF REPORTER

4

5

6         I,  Briana L. Bell, Official United States Court

7   Reporter, certify that the foregoing transcript is a true and

8   correct transcript of the proceedings in the above-entitled

9   matter prepared to the best of my ability.

10

11        Dated this 1st day of October 2021.

12

13

14   _____
     Briana L. Bell, RPR
15   Official Court Reporter

16

17

18

19

20

21

22

23

24

25

     NAACP v. Cooper  -- Status conference -- 9/17/21