UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO. 1:18-cv-01034

NORTH CAROLINA STATE
CONFERENCE OF THE NAACP, et al.,

    Plaintiffs,

v.

DAMON CIRCOSTA, in his official
capacity as Chair of the North Carolina
State Board of Elections, et al.,

    Defendants.

**STATE BOARD DEFENDANTS'
REPLY IN SUPPORT OF
SUMMARY JUDGMENT**

## MATTER BEFORE THE COURT

The State Board Defendants submit this Reply to Plaintiffs' Opposition [D.E. 187] to Defendants' Motion for Summary Judgment [D.E. 177, 182].

## ARGUMENT

**I. PLAINTIFFS' FAILED TO RESPOND TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT WITH PROBATIVE EVIDENCE TO OVERCOME SUMMARY JUDGMENT, SUCH THAT THIS MATTER IS RIPE FOR A RULING.**

The premise of State Board Defendants' motion for summary judgment is that the record presented to this Court at the preliminary injunction stage, and made part of the record on appeal to the Fourth Circuit, remains unchanged. Because Plaintiffs' claims on that record have already been reviewed and found to be lacking, summary judgment is

appropriate. [D.E. 182, pp. 10-11]. Plaintiffs' opposition does nothing to rebut this premise. [D.E. 187].

In fact, Plaintiffs opposition attaches no exhibits or affidavits, and cites no new evidence. *Id.* Instead, despite claiming that they are not limited to the record established at preliminary injunction, Plaintiffs' opposition cites only to the preliminary injunction record[1], which is more than two years old, and makes unsubstantiated promises that they intend to present more at trial. *Id.,* pp. 4, 15-18. Plaintiffs claim that they notified Defendants of their intention to call expert and fact witnesses at trial, and will utilize supplemental expert reports; and yet this evidence was not presented in opposition to summary judgment. *Id.* Plaintiffs cannot survive a well-supported motion for summary judgment on the promise of uncited evidence that will be presented at trial. *Id.*

Moreover, Plaintiffs failed to properly designate and serve expert discovery during the discovery period. Therefore, Plaintiffs are neither entitled to rely on the expert reports from the preliminary injunction stage nor new reports served last month, more than a year after the close of discovery. To be clear, Plaintiffs did present expert reports at the preliminary injunction stage, but that is not the same as designating experts for trial. *See* Fed. R. Civ. P. 26(a)(2)(A) ("[A] party must disclose to the other parties the identity of any witness it may use *at trial* to present evidence under Federal Rule of Evidence 702, 703, or 705.") (emphasis added); *see also Stinnie v. Holcomb*, No. 3:16-

---

[1] The only other information cited that was more recently placed on the record are a joint protective order, and Defendant's memorandum of law in support of summary judgment— neither of which were cited as evidence in Plaintiffs' submission.

2

Case 1:18-cv-01034-LCB-LPA   Document 189   Filed 11/22/21   Page 2 of 7

CV-00044, 2019 U.S. Dist. LEXIS 238350, at *10 (W.D. Va. May 23, 2019) ("Rule 26 cannot be read to include documents submitted at a preliminary injunction hearing five months prior to the time of the purported disclosures. Furthermore, it is not the [Defendant]'s duty to assume the presentation of a witness at a prior hearing is intended to be a Rule 26 disclosure.")

While Defendants intend to present this argument more comprehensively at the appropriate time, this Court need not determine now whether those reports should be stricken because this Court (considering the Voting Rights Act claim) and the Fourth Circuit (consider the Intentional Discrimination claim) have already found these reports unpersuasive. Instead, summary judgment should be granted because even with the improper reliance on preliminary injunction reports, Plaintiffs have failed to demonstrate that their case should proceed.

In these circumstances, the Court's consideration of this motion before trial will not impose the same burden to judicial economy as it would under normal circumstances, for several reasons.

First, this Court will not need to review any new evidence, reports or exhibits that were not already reviewed in order to consider this motion before trial. The facts have not changed, which allows for a more expeditious review of the record.

Second, the application of those facts to the law has only become more favorable to the Defendants since this record was produced two years ago. In order to prevail on summary judgment, a defendant needs only show that the plaintiff cannot succeed on an element essential to their case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). This

3

Case 1:18-cv-01034-LCB-LPA   Document 189   Filed 11/22/21   Page 3 of 7

Court reviewed Plaintiffs' claim under § 2 of the Voting Rights Act and found that the evidence presented for preliminary injunction, "that the bill's anticipated impact, on its own, is not enough to invalidate S.B. 824 – at least not according to the evidence currently in the record." [D.E. 120, pp. 52-53].

Likewise, the Fourth Circuit reviewed Plaintiffs' claim of discriminatory intent under the *Arlington Heights* factors and found the record evidence to be lacking. First, the totality of the historical background, including the passage of the voter ID amendment, did not show that the General Assembly acted with discriminatory intent. *N.C. State Conference of the NAACP NAACP v. Raymond*, 981 F.3d 295, 305 (4th Cir. 2020. As to legislative process, "the remaining evidence of the legislative process otherwise fails to 'spark suspicion' of impropriety in the 2018 Voter-ID Law's passage." *Id.* The evidence presented of legislative history was found to be unremarkable, with nothing to suggest the General Assembly used racial data to disproportionately target minority voters. *Id.* at 308-09. And after reviewing the impact evidence, and prior judicial review of Virginia's and South Carolina's similar voter ID laws, the Fourth Circuit found "it is hard to say that the 2018 Voter-ID Law does not sufficiently go 'out of its way to make its impact as burden-free as possible.'" *Id.* at 309-10 (quoting *Lee v. Va. State Bd. of Elections*, 843 F.3d 592, 603 (4th Cir. 2016)).

This Court can rely on its own prior rulings and the rulings of the Fourth Circuit to expeditiously consider the missing essential elements in Plaintiffs' claims. Apart from these decisions, the law has further developed to undermine Plaintiffs' claims under the federal constitution and the Voting Rights Act. *See Brnovich v. Democratic Nat'l*

4

*Comm.*, 141 S.Ct. 2321 (2021); *Greater Birmingham Ministries v. Sec'y of State for State of Alabama*, 992 F.3d 1299 (11th Cir. 2021).

Third, with this backdrop, engaging in a trial on the merits when the matter can be resolved via dispositive motion presents a greater burden to judicial resources. *Bland v. Norfolk & S. R. Co.*, 406 F.2d 863, 866 (4th Cir. 1969) ("[T]he function of a motion for summary judgment is to smoke out if there is any case, i.e., any genuine dispute as to any material fact, and, if there is no case, to conserve judicial time and energy by avoiding an unnecessary trial and by providing a speedy and efficient summary disposition.") At minimum, taking up consideration of the motion for summary judgment before trial has the potential to significantly narrow the issues to be tried, shortening the presentation of evidence, and leading to a more productive trial. This is especially true with respect to Plaintiffs' Voting Rights Act claims and challenges to the poll observer provisions and challenge provisions.

Space left blank intentionally.

# **CONCLUSION**

For the foregoing reasons, State Board Defendants respectfully request that the Court grant summary judgment for the defense in this case.

Respectfully submitted this 22nd day of November, 2021.

JOSHUA H. STEIN
Attorney General

/s/ Terence Steed
Terence Steed
Special Deputy Attorney General
N.C. State Bar No. 52809
Email: tsteed@ncdoj.gov

Laura McHenry
Special Deputy Attorney General
N.C. State Bar No. 45005
E-Mail: lmchenry@ncdoj.gov

N.C. Department of Justice
Post Office Box 629
Raleigh, NC 27602
Telephone: (919) 716-6567
Facsimile: (919) 716-6763

*Counsel for the State Board Defendants*

## **CERTIFICATE OF WORD COUNT**

I hereby certify that pursuant to Local Rule 7.3(d)(1), the foregoing has a word count of less than 3,125 words not including the caption, signature block, and certification of word count. This document was prepared in Microsoft Word, from which the word count is generated.

Dated this 22nd day of November, 2021.

/s/ Terence Steed
Terence Steed
Special Deputy Attorney General
