IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

NORTH CAROLINA STATE CONFERENCE )
OF THE NAACP, *et al.*, )
)
Plaintiffs, )
)
v. ) 1:18CV1034
)
DAMON CIRCOSTA, *in his official capacity as* )
*Chair of the North Carolina State Board of Elections*, *et al.*, )
)
Defendants. )
)

**ORDER**

A trial has been scheduled to begin in the above-captioned matter on January 24, 2022, with an approximate duration of nine days. On November 24, 2021, the U.S. Supreme Court granted certiorari in this case to decide whether certain state legislators ("Proposed Intervenors") are entitled to intervene as of right in this litigation. (ECF No. 191-1); *see* Petition for Writ of Certiorari, *Berger v. N.C. State Conf. of the NAACP*, Case No. 21-248, 2021 WL 3741675, at *i. Before the Court is Defendants' Motion to Stay, Continue the Trial, or Allow Permissive Intervention, (ECF No. 192.) Plaintiffs oppose Defendants' motion for the reasons set forth in their brief. (ECF No. 193.)

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). A motion to stay "calls for an exercise of judgment to balance the various factors relevant to the expeditious

and comprehensive disposition of the causes of action on the court's docket." *United States v. Georgia Pac. Corp.*, 562 F.2d 294, 296 (4th Cir. 1977) (citing *Landis*, 299 U.S. at 254–55).

Here, the balance of factors weighs in favor of a stay. In addition to the risks of needlessly expending tremendous resources of time and effort of this Court, counsel, and litigants, the Court is very concerned that "[c]ourt orders affecting elections, especially conflicting orders, can themselves result in voter confusion and consequent incentive to remain away from the polls." *Purcell v. Gonzalez*, 549 U.S. 1, 4–5 (2006). North Carolina's voter ID requirements have already been subject to extensive judicial intervention at both the federal and state levels, occasionally resulting in conflicting orders. The potential risks of adding to such confusion by a second trial, if such becomes necessary, likewise favors a stay.

These risks far outweigh the potential prejudice to all litigants. While the Court is mindful that parties have been preparing for trial, there is no reason that such preparation must go to waste. Staying this case does not reopen discovery, require additional litigation, or require the parties to change litigation strategies.

While the Court has considered the positions of the parties as outlined in their respective filings, this Order is entered pursuant to the inherent power of this Court to manage its docket and enter orders that are not only in the interest of the litigants but in such a case as this one, the public interest as well.

For these reasons, the Court enters the following:

**IT IS THEREFORE ORDERED** that this case is **STAYED**, including the trial scheduled to begin January 24, 2022, pending the resolution of the grant of certiorari by the U. S. Supreme Court or until further Order of this Court.

2

Case 1:18-cv-01034-LCB-LPA   Document 194   Filed 12/30/21   Page 2 of 3

**IT IS FURTHER ORDERED** that Defendants' Motion to Stay, Continue the Trial, or Allow Permissive Intervention, is **DENIED AS MOOT**, (ECF No. 192.)

This, the 30th day of December 2021.

/s/ Loretta C. Biggs
United States District Judge