UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| NORTH CAROLINA STATE CONFERENCE OF THE NAACP, *et. al.*, <br><br> *Plaintiffs,* <br><br> v. <br><br> ALAN HIRSCH, in his official capacity as Chair of the North Carolina State Board of Elections, *et. al.*, <br><br> *Defendants,* <br><br> and <br><br> PHILIP E. BERGER, *et. al.*, <br><br> *Legislative Defendant Intervenors.* | CASE NO. 1:18-cv-01034-LCB-LPA <br><br><br> **LEGISLATIVE DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO SET A TRIAL DATE** |

In order to provide the Court with the Legislative Defendant Intervenors' ("Legislative Defendants") position on Plaintiffs' Motion to Set a Trial Date, Doc. 215 (Oct. 12, 2023), in advance of the November 21, 2023 hearing to address that Motion and Plaintiffs' Objection to Magistrate Judge's Order ("Plaintiffs' Objection"), Doc. 211 (Sept. 26, 2023), Legislative Defendants respectfully submit this response.

Legislative Defendants are not opposed to a trial date being set at an appropriate time, but doing so before the Court has ruled on Plaintiffs' Objection would be inefficient and prejudicial. For all of the reasons articulated in both Legislative Defendants' and the State Board Defendants' responses to Plaintiffs' Objection, Docs. 212 and 213 respectively, Plaintiffs' Objection should be overruled, but if the Court were to grant Plaintiffs' Objection, it is far too soon to set a trial date. If discovery were to be reopened, as Plaintiffs are requesting, Legislative Defendants should be permitted the opportunity to seek discovery, depose Plaintiffs' witnesses, submit expert reports in

1

response to Plaintiffs' experts, and file dispositive motions that Legislative Defendants were not afforded because they were not yet parties to this case. In sum, should discovery be reopened, Legislative Defendants submit that the first order of business should be drafting a new Rule 26(f) Report and convening a new Rule 26(f) conference with the Court in order for the Court to enter a new case management schedule that 1) affords Legislative Defendants the discovery opportunities that Legislative Defendants did not have because they were not parties until after the close of discovery and 2) that appropriately takes into account "the specter" of the 2024 elections.

If the Court overrules Plaintiffs' Objection and discovery is not reopened, Legislative Defendants believe the trial schedule suggested by Plaintiffs is deficient in the following salient respect. The proposed schedule makes no allowance for the Court to rule on the pending summary judgment papers before proceeding to trial. Although the State Board Defendants may have filed for Summary Judgment after the dispositive motion deadline, as the Court's Text Only Order of August 25, 2021 makes clear "[p]ursuant to Local Rule 56.1(g), Moving Defendants remain free to file an untimely dispositive motion, but it 'will not be reached by the Court prior to trial unless the Court determines that its consideration will not cause delay to the proceedings.'" *See* Court's Text Only Order (Aug. 25, 2021). As no trial date has yet been set and this summary judgment motion is fully briefed, not only will a ruling on the pending summary judgment motion not delay proceedings, but consideration of that motion should obviate the need for a trial altogether.

The record at the time the State Board Defendants filed for summary judgment was the same record this Court concluded was insufficient to support a finding that Plaintiffs were likely to succeed on the merits of their Section 2 claim. *See* Mem. Op. and Order, Doc. 120 at 52 (Dec. 31, 2019) ("Plaintiffs have not demonstrated a likelihood of success under § 2's results standard sufficient to independently warrant a preliminary injunction."). Likewise, the record at the time

2

the pending summary judgment papers were filed is the same record that was before the Fourth Circuit when it reversed this Court's preliminary injunction finding that "[o]nce the proper burden and the presumption of good faith are applied, [Plaintiffs] fail to meet their burden of showing that the General Assembly acted with discriminatory intent in passing the 2018 Voter-ID Law." *North Carolina Conf. of the NAACP v. Raymond,* 981 F.3d 295, 305 (4th Cir. 2020). Under these circumstances, with an existing record that has already been ruled upon by this Court and the Fourth Circuit as insufficient for Plaintiffs to carry their burden, Legislative Defendants submit the most efficient and appropriate next step is for the Court to rule on the pending summary motion, grant that motion, and dispose of this case.

Dated: October 18, 2023

Respectfully submitted,

/s/ Nicole J. Moss
Nicole J. Moss (State Bar No. 31958)
COOPER & KIRK, PLLC
1523 New Hampshire Avenue, NW
Washington, D.C. 20036
(202) 220-9600
nmoss@cooperkirk.com

*Local Civil Rule 83.1 Counsel
for Legislative Defendant-
Intervenors*

David H. Thompson
Peter A. Patterson
COOPER & KIRK, PLLC
1523 New Hampshire Avenue, NW
Washington, D.C. 20036
(202) 220-9600
dthompson@cooperkirk.com

*Counsel for Legislative
Defendant-Intervenors*

# CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that, on October 18, 2023, I electronically filed the foregoing response with the Clerk of the Court using the CM/ECF system, which will send notification of such to all counsel of record in this matter.

s/ Nicole J. Moss  
Nicole J. Moss

**CERTIFICATE OF WORD COUNT**

Pursuant to Local Rule 7.3(d)(1), the undersigned counsel hereby certifies that the foregoing brief contains 649 words (including headings and footnotes).

s/ Nicole J. Moss  
Nicole J. Moss