IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| NORTH CAROLINA STATE CONFERENCE OF THE NAACP, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) ) | 1:18CV1034 |
| v. | ) ) | |
| ALAN HIRSCH, in his official capacity as Chair of the North Carolina State Board of Elections, *et al.*, | ) ) ) ) ) | |
| Defendants, | ) ) | |
| and | ) ) | |
| PHILIP E. BERGER, in his official capacity as President Pro Tempore of the North Carolina Senate, *et al.*, | ) ) ) ) ) | |
| Legislative Defendant Intervenors. | ) | |

## MEMORANDUM OPINION AND ORDER

LORETTA C. BIGGS, District Judge.

Before the Court is Plaintiffs' Objection to the Magistrate Judge's September 12, 2023 Order Denying Plaintiffs' Motion to Reopen Discovery brought pursuant to Rules 6 and 72 of the Federal Rules of Civil Procedure. (ECF No. 211.) Plaintiffs filed this Objection on September 26, 2023, (*id.*), and the Objection came on for hearing on November 21, 2023, (Minute Entry 11/21/2023). For the reasons stated herein, this Court holds that Plaintiffs' Objection is overruled, that the Magistrate Judge's September 12, 2023 Order Denying Plaintiffs' Motion to Reopen Discovery is neither clearly erroneous nor contrary to law, and that the Order is hereby affirmed.

I.      BACKGROUND

On December 20, 2018, Plaintiffs filed a Complaint before this Court, alleging that North Carolina Senate Bill 824 ("S.B. 824") "[ ] imposes an unconstitutionally burdensome and discriminatory voter photo ID requirement" and also "violate[s] Section 2 of the Voting Rights Act" and "the Fourteenth and Fifteenth Amendments of the United States Constitution." (ECF No. 1 ¶¶ 1, 7–8.) An exhaustive and detailed history of this litigation from its inception has been set forth in the September 12, 2023, Order of the Magistrate Judge, (*see* ECF No. 210 at 1–11), and has not been objected to by the Parties. The Court, therefore, will begin its discussion here with Plaintiffs' request on June 9, 2023, that this Court lift its stay on these proceedings and hold a status conference. (*See* ECF No. 202.) In addition, in their June 9 request, Plaintiffs indicated their desire to discuss a schedule that would include "a brief period of time in which the record [could] be reopened to update discovery previously provided by [State Board] Defendants and take discovery from newly-admitted . . . Legislative Defendants."[1] (*Id.* at 5.)

This Court referred this request to the Magistrate Judge who later granted Plaintiffs' request in part by 1) setting a status conference, 2) directing Plaintiffs to "provide copies of any proposed discovery (including the names of any proposed deponents) to all opposing counsel" and requiring the same of "any other party/intervenor who also wishe[d] to conduct any discovery," and 3) mandating that, prior to the status conference, counsel who would be

---

[1] Throughout the filings in this case, there have been variations in the names that have been used to refer to the two groups of defendants who are currently parties to this case: the members of the North Carolina State Board of Elections and the North Carolina legislative leaders who intervened on behalf of the North Carolina General Assembly. As such, the Court notes that this Order will refer to the members of the North Carolina State Board of Elections as "State Board Defendants," the "State Board," or the "Elections Board" interchangeably, and that this Order will refer to the North Carolina legislative leaders as "Legislative Defendants" or "Legislative Leaders" interchangeably.

2

appearing at the status conference "meet and confer in person or by video teleconference about any proposed discovery." (Text Order 07/05/23.)

At the status conference held before the Magistrate Judge on July 26, 2023, Plaintiffs "requested that the Court reopen the discovery period to allow them to serve the Elections Board and Legislative Leaders with . . . new discovery demands, as well as to conduct depositions Plaintiffs previously had not pursued," and State Board Defendants and Legislative Defendants opposed this request and objected to the discovery Plaintiffs proposed. (ECF No. 210 at 11 (citing Clerk's Office audio recording of the status conference referenced in the Minute Entry dated 07/26/23).) The Magistrate Judge "d[id] not see a basis for allowing discovery to be reopened [for Plaintiffs] to serve" their proposed "discovery on Legislative . . . Defendants" and denied that request. (Minute Entry 07/26/23.) However, in response to Plaintiffs' request for an additional opportunity to serve State Board Defendants with new discovery demands, the Magistrate Judge instructed Plaintiffs to file a "Notice of Proposed Discovery . . . includ[ing] the exact discovery requests and deposition notice to be served on the State Board Defendants . . . [and] up to ten . . . pages of argument . . . stating why [P]laintiff[s] should be allowed to serve [such] discovery." (*Id.*)

Plaintiffs timely filed their Notice of Proposed Discovery before the Magistrate Judge, (*see* ECF No. 203), attaching 20 proposed requests for production (*see* ECF No. 203-1 at 10–14), ten interrogatories (*see* ECF No. 203-2 at 5–7), and a notice pursuant to Federal Rule of Civil Procedure 30(b)(6) that lists 11 deposition topics, (*see* ECF No. 203-3 at 6). After State Board Defendants and Legislative Defendants responded in opposition, (*see* ECF Nos. 204; 205), and Plaintiffs replied, (*see* ECF No. 208), the Magistrate Judge denied Plaintiffs' motion to reopen discovery on September 12, 2023, (*see* ECF No. 210 at 31). Plaintiffs objected to

3

the Magistrate Judge's Order on September 26, 2023. (ECF No. 211.) Plaintiffs' Objection came on for hearing on November 21, 2023. (Minute Entry 11/21/2023.)

## II. STANDARD OF REVIEW

A district judge "may reconsider *sua sponte* any matter determined by a magistrate judge," and "although the district judge *must* make an independent determination of a magistrate judge's order upon objection, he [or she] is not *precluded* from reviewing a magistrate judge's order to which a party did not object." *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 760–61 (7th Cir. 2009) (citing *Allen v. Sybase, Inc.*, 468 F.3d 642, 658 (10th Cir. 2006) ("[A] party's failure to seek timely review does not strip a district court of its power to revisit the issue.")). Though a district judge retains this authority to review all of a magistrate judge's determinations, the United States Supreme Court and the Fourth Circuit have both acknowledged that "Congress would not have wanted district judges to devote time to reviewing magistrate's reports except to the extent that such review is requested by the parties or otherwise necessitated by Article III of the Constitution." *Wells v. Shriners Hosp.*, 109 F.3d 198, 200 (4th Cir. 1997) (quoting *Thomas v. Arn*, 474 U.S. 140, 153 (1985)).

On review of a magistrate judge's order regarding nondispositive matters, such as the matter currently before the Court,[2] upon a timely objection by either party to the order, the district judge must "modify or set aside any part of the order that is clearly erroneous or . . . contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A).[3] "The Court . . . review[s]

---

[2] Matters concerning discovery are largely considered nondispositive matters. *See Gupta v. Freddie Mac*, 823 F. App'x 225, 226 (4th Cir. 2020) (unpublished) (citing *Hutchinson v. Pfeil*, 105 F.3d 562, 566 (10th Cir. 1997) ("Discovery is a nondispositive matter . . . .")); *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990).

[3] With regard to a magistrate judge's ruling on dispositive motions, the district judge must make a de novo determination of any part of the magistrate judge's disposition to which proper objection has been made. Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1).

4

the factual portions of [a] Magistrate Judge's order under the clearly erroneous standard, but . . . review[s] legal conclusions to determine if they are contrary to law." *Bruce v. Hartford*, 21 F. Supp. 3d 590, 594 (E.D. Va. 2014) (citations omitted). With respect to questions of law, "there is no practical difference between review under Rule 72(a)'s 'contrary to law' standard and review under Rule 72(b)'s de novo standard." *PowerShare, Inc. v. Syntel, Inc.*, 597 F.3d 10, 15 (1st Cir. 2010); *Hartford*, 21 F. Supp. 3d at 594.

## III. ARGUMENTS OF THE PARTIES

Plaintiffs, at the outset of the November 21, 2023 hearing, made clear that they were not taking issue with the Magistrate Judge's holding denying their motion to reopen discovery, nor were they requesting that this Court open discovery as they had requested of the Magistrate Judge; rather, Plaintiffs stated that they were before the Court "to seek an order from the Court mandating that the State Board Defendants fulfill their obligations to supplement their initial disclosures made under Rule 26(a) pursuant to Rule 26(e)." (Tr. at 3:10-13.[4]) In addition, Plaintiffs argued that this Court should reverse the Magistrate Judge's Order and "require supplementation by the State Board of implementation evidence." (Tr. at 5:16-18.) According to Plaintiffs, the Magistrate Judge held, in pertinent part, that because Plaintiffs did not timely serve discovery requests, they retain no right to updated information under Rule 26(e). (Tr. at 5:18-21.) Plaintiffs contend that it is this ruling that is clearly erroneous and contrary to law, as Rule 26(e) places supplementation requirements on both responses for discovery requests and disclosures made pursuant to Rule 26(a). (Tr. at 5:22-25.) According to Plaintiffs, the Magistrate Judge's failure to discuss the continuing duty to supplement disclosures was error. (Tr. at 6:9–9:3.)

---

[4] This citation is to the Realtime Feed – Unedited/Uncertified Transcript for the November 21, 2023 motions hearing before this Court ("Tr.").

5

State Board Defendants argue that the Magistrate Judge's September 12, 2023 Order is "well-reasoned," (Tr. at 22:18-19), and both State Board Defendants and Legislative Defendants argue that Plaintiffs' Objection fails to demonstrate any error in the Order, (ECF Nos. 213 at 5; 212 at 1–2). State Board Defendants and Legislative Defendants also argue that the relief that Plaintiffs now seek was never argued before the Magistrate Judge, and that therefore this Court should decline to address it. (ECF Nos. 213 at 3–5; 212 at 6 n.1.) Moreover, State Board Defendants contend that, even if an obligation to supplement disclosures is present, such a duty extends no further than the record from the *Holmes v. Moore* state court litigation. (ECF No. 213 at 10–11.) State Board Defendants further assert that "Plaintiffs have mischaracterized the agreement" between Plaintiffs and State Board Defendants concerning the scope of the evidence from the *Holmes* litigation that State Board Defendants agreed to produce, "as if it was an agreement to produce the same categories of evidence that was requested in the *Holmes* litigation, rather than simply reproducing the record from that related action." (*Id.* at 5.)

IV. DISCUSSION

This Court will address the specific portion of the Magistrate Judge's September 12, 2023, Order to which Plaintiffs have raised objection. As referenced above, Plaintiffs contend that the Magistrate Judge misapplied the law in holding that, because Plaintiffs "did not timely serve . . . requests or interrogatories," Plaintiffs forfeited the protections under Rule 26(e)(1)(A) of the Federal Rules of Civil Procedure, and State Board Defendants did not have an obligation to supplement its prior productions under that Rule. (ECF No. 211 at 5 (quoting ECF No. 210 at 24).) Plaintiffs argue that the Magistrate Judge failed to recognize 1) that the obligation to supplement under Rule 26(e)(1)(A) also applies to disclosures, independent of

6

whether parties formally served discovery requests, and 2) that State Board Defendants "produced a substantial volume of copies of its records up through November 2021" that require supplementation, including materials regarding the implementation of S.B. 824. (*Id.* at 6, 8.)

### A. De Novo Review of the Portion of the Magistrate Judge's Order to which Plaintiffs Object

Plaintiffs argue that the Magistrate Judge erred in his interpretation of Rule 26(e) in his September 12, 2023, Order, and therefore this Court will begin by exploring the context in which Rule 26(e) is discussed in the Order.

The Order states the issue that was before the Magistrate Judge as follows:

> At the status conference (held before the undersigned Magistrate Judge), Plaintiffs requested that the Court reopen the discovery period to allow them to serve the Elections Board and the Legislative Leaders with a raft of new discovery demands, as well as to conduct depositions Plaintiffs previously had not pursued, whereas the Elections Board and the Legislative Leaders opposed the reopening of discovery and voiced objections to the discovery Plaintiffs proposed.

(ECF No. 210 at 11 (footnote omitted).)

The Magistrate Judge summarily denied Plaintiffs' request as it related to Legislative Defendants, stating that based "on the arguments presented by counsel, the Court d[id] not see a basis for allowing discovery to be reopened [for Plaintiffs] to serve the [proposed] discovery on" Legislative Defendants. (*Id.* at 11–12 (alterations in original) (quoting Minute Entry 07/26/23).) However, with respect to State Board Defendants, the Court stated that "[b]ecause Plaintiffs have requested an extension of the discovery period long after the discovery deadline . . . to obtain an extension of [the] expired discovery deadline, Plaintiffs must show that they failed to act due to 'excusable neglect.'" (*Id.* at 13 (second alteration in original) (citations and internal quotation marks omitted).) The Magistrate Judge, for the

7

greater part of the Order, undertook a very detailed discussion of whether Plaintiffs had demonstrated excusable neglect. (*See id.* at 13–31.) It was within the context of the Magistrate Judge's analysis pertaining to one of the elements of excusable neglect—specifically, the reason for Plaintiffs' delay in requesting additional discovery and whether such delay was within the reasonable control of Plaintiffs—that the Magistrate Judge discussed Rule 26(e). (*Id.* at 14, 20, 22–23.)

In said analysis, the Magistrate Judge identified the fact that, in the Joint Report filed by Plaintiffs and State Board Defendants under Federal Rule of Civil Procedure 26(f) ("Rule 26(f) Joint Report") in 2019, Plaintiffs acknowledged a need for discovery on State Board Defendants' implementation of S.B. 824 and on the impact of S.B. 824 on North Carolina voters. (*Id.* at 22.) The Magistrate Judge noted, however, that notwithstanding Plaintiffs' recognition of the need for discovery on these subjects then,

> Plaintiffs waited until 2023 to formulate their "proposed First Requests for Production, proposed First Interrogatories and proposed [Rule] 30(b)(6) Deposition Notice, . . . seek[ing] . . . discovery regarding the present impact of S.B. 824, particularly on Black and Latino North Carolinians; and information on how S.B. 824 is being implemented for the 2023 municipal elections and beyond."

(*Id.* (alterations in original) (quoting ECF No. 203 at 3).) The Magistrate Judge contemplated the reason for such a wait, explicitly asking: "Why the delay?" (ECF No. 210 at 22.) The Magistrate Judge determined that ascertaining the answer to the question he posed began with reviewing the language of a specific provision of the Rule 26(f) Joint Report. (*Id.*) The Magistrate Judge restated the language of that relevant provision, which reads:

> [State Board] Defendants have volunteered to provide and have been providing a large number of discovery exchanges from a pending state court case challenging the same law, *Holmes v. Moore*, 19 CVS 15292 (Wake Cty. Super. Ct.). Plaintiffs agreed to review that production before making any new discovery requests on [State Board] Defendants, to protect the parties' and judicial

8

resources, to promote the efficiency of the litigation, and to avoid unnecessary duplication of effort or expense.

(ECF No. 77 at 2.)

The Magistrate Judge correctly observed that this language from the Rule 26(f) Joint Report makes clear that alongside State Board Defendants' voluntary production of "a large volume of material to Plaintiffs, . . . Plaintiffs retained the right to serve any discovery demands they wished at any point during the discovery period they wished." (ECF No. 210 at 22.) The Magistrate Judge then proceeded to explain the repercussions, both advantageous and detrimental, of Plaintiffs' avoidance of the route of serving discovery demands during the designated discovery period, reciting the portions of Rule 26(e)(1) that were pertinent to such an explanation:

> By eschewing that latter course, Plaintiffs saved time and money, which they could direct to other aspects of the litigation, such as pursuing preliminary injunctive relief and contesting intervention by the Legislative Leaders (as described above), but Plaintiffs also thereby forfeited the protections afforded by formal discovery mechanisms, including the obligation the Federal Rules of Civil Procedure place on:
>
> [a] party . . . who has responded to an interrogatory [or] request for production . . . [to] supplement or correct its . . . response . . . in a timely manner if the party learns that in some material respect the . . . response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing[.]

(*Id.* at 23 (alterations in original) (quoting Fed. R. Civ. P. 26(e)(1)).

The Magistrate Judge continued by explaining how, if Plaintiffs had timely served production requests or interrogatories, Plaintiffs would have availed themselves of the accompanying, ongoing obligation to supplement such production requests or interrogatories. (ECF No. 210 at 23–24.) In making the point even more illustrative in this case, the Magistrate Judge used specific examples of the information and evidence that were the subject of Plaintiffs' proposed demands:

9

> To illustrate, if Plaintiffs had timely served production requests on the Elections Board like (for example) their proposed demands for "[a]ny completed no match analysis conducted by [the Elections Board] to meet the requirements of Section 1.5(a)(8) or 1.5(b) of S.B. 824" or "[a]ll documents estimating, reporting, studying, or analyzing the number, political party affiliation, race, and/or ethnicity of registered voters who do not have photo identification required to vote under S.B. 824," the Elections Board would have borne an ongoing duty (up through trial) to supplement the responses given to those production requests, if/when (due to the passage of time) those responses became incomplete or no longer accurate. Rule 26(e)(1) would have imposed the same continuing, supplementation obligation on the Elections Board, if Plaintiffs had timely served interrogatories requiring (for instance) "[i]dentif[ication of] any and all efforts [the Elections] Board [ ] ha[s] undertaken to educate registered voters and/or potential voters about the [p]hoto [i]dentification [r]equirements" or "[i]dentif[ication of] all instances of in person voter fraud in North Carolina of which [the Elections] Board [ is] aware from 2020 to the present." Because Plaintiffs did not timely serve such (or any other) production requests or interrogatories, however, they retain no such right to receive updated information.

(ECF No. 210 at 23–24 (alterations in original) (internal citations omitted).)

After reviewing the context in which Rule 26(e) is discussed in the Magistrate Judge's Order, the Court concludes that, contrary to Plaintiffs' argument, the Magistrate Judge was not making a "ruling," (ECF No. 211 at 1), or holding concerning any Party's individual right to supplementation under Rule 26(e). The issue that was before the Magistrate Judge was whether the discovery period should be reopened, and, in turn, whether Plaintiffs had demonstrated excusable neglect to warrant such a reopening of the discovery period. (*Id.* at 11–13.) The statements that Plaintiffs claim constituted a "ruling" on the issue of whether State Board Defendants have a Rule 26(e) obligation to supplement were actually part of a discussion of the issue of excusable neglect that included an evaluation of the reason for, and impacts of, Plaintiffs' delay in serving discovery requests.

As such, the Magistrate Judge's omission of a mention of the applicability of Rule 26(e)(1) to Rule 26(a) disclosures was not a holding, was not error, and was not contrary to

10

law. Ostensibly, the Magistrate Judge did not discount the fact that the Rule 26(e)(1) obligation to supplement also applies when "[a] party . . . has made a disclosure under Rule 26(a)," Fed. R. Civ. P. 26(e)(1); rather, the Magistrate Judge was demonstrating how Plaintiffs' strategic decision to not serve production requests or interrogatories in the designated period, as was the process outlined in the Rule 26(f) Joint Report, has placed Plaintiffs in the unfavorable position they are in now. This was not a holding as to the breadth of any Party's obligation to supplement under Rule 26(e), but instead was the Magistrate Judge's illustration of Plaintiffs' tactical choice in this case, in the context of his discussion of excusable neglect.

1. The Basis of Plaintiffs' Objection Presents A New Issue Not Raised Before the Magistrate Judge

The Fourth Circuit has held that, "as part of its obligation to determine de novo any issue to which proper objection is made, a district court is required to consider all arguments directed to that issue, regardless of whether they were raised before the magistrate." *United States v. George*, 971 F.2d 1113, 1118 (4th Cir. 1992). [5] However, the Fourth Circuit has clarified that "a district court needn't consider new issues raised for the first time in objections, even if it must consider new arguments related to existing issues." *JTH Tax, LLC v. Shahabuddin*, No. 21-2031, 2023 WL 3002746, at *10 (4th Cir. Apr. 19, 2023) (citing *Samples v. Ballard*, 860 F.3d 266, 271–273 (4th Cir. 2017)). An issue corresponds to an "asserted ground[ ] for relief," while an argument is a "position . . . taken in support of or against each asserted ground for relief." *Samples*, 860 F.3d at 273.

---

[5] The Court recognizes that *United States v. George* involved a magistrate judge's ruling on a dispositive motion, and that de novo review of the magistrate judge's proposed findings of fact and recommendations is the standard that applies to dispositive motions rather than nondispositive matters. *See* 28 U.S.C. § 636(b)(1); *see* Fed. R. Civ. P. 72(b)(3). However, as mentioned, for nondispositive matters, when it comes to conclusions of law, there is no practical difference between review under Rule 72(a)'s "contrary to law" standard and review under the de novo standard under Rule 72(b). *PowerShare*, 597 F.3d at 15; *Hartford*, 21 F. Supp. 3d at 594.

11

Plaintiffs' submissions before this Court establish that the basis of Plaintiffs' Objection—that State Board Defendants owe an obligation to supplement prior productions under Rule 26(e)—places a new issue before this Court that was not raised before the Magistrate Judge by any of the Parties; such submissions also demonstrate that the basis of Plaintiffs' Objection is not merely a new argument. Initially, Plaintiffs' "asserted ground for relief," *Samples*, 860 F.3d at 273, before the Magistrate Judge was the reopening of the discovery period, (ECF No. 210 at 11 (citing Clerk's Office audio recording of the status conference referenced in the Minute Entry dated 07/26/23)). In contrast, at the November 21, 2023, hearing before this Court, Plaintiffs contended that they were no longer seeking to reopen the discovery period, and that they instead sought to have State Board Defendants supplement their prior disclosures pursuant to Rule 26(e). (Tr. at 3:5-12.) Plaintiffs themselves have indicated that they are no longer pursuing the ground for relief that they originally sought. Thus, in seeking this Court's review of the Magistrate Judge's Order, Plaintiffs' request asserts an entirely different ground for relief and, therefore, a different issue than what was presented before the Magistrate Judge.

At the November 21 hearing, when this Court asked Plaintiffs whether the relief they are currently seeking from this Court—an order mandating that State Board Defendants owe a duty to fulfill their obligation to supplement disclosures made under Rule 26(a) pursuant to Rule 26(e), (Tr. at 3:10-13)—was before the Magistrate Judge, Plaintiffs referred to three specific places in their briefing that was before the Magistrate Judge, (Tr. at 11:9-24). First, Plaintiffs directed the Court to the language in their motion before the Magistrate Judge seeking to lift the stay in this matter and requesting to schedule a status conference, which reads: "Plaintiffs would like to discuss a schedule to have these claims adjudicated, including

12

a brief period of time in which the record can be reopened to update discovery previously provided by [State Board] Defendants and take discovery from newly-admitted . . . Legislative Defendants." (ECF No. 202 at 5.) Second, Plaintiffs pointed to the language in their initial brief in support of their Notice of Proposed Discovery, which states:

> State Board Defendants will not be prejudiced where there is no imminent trial . . . and Plaintiffs are merely asking for the State Board to respond to requests for relevant discovery. Plaintiffs request that the State Board Defendants ensure full production of the *Holmes* Litigation discovery documents and supplement their prior productions on two topics that are directly relevant to Plaintiffs' claims: discovery regarding the present impact of S.B. 824, particularly on Black and Latino North Carolinians, and information regarding how State Board Defendants are implementing S.B. 824 for the 2023 municipal elections and beyond.

(ECF No. 203 at 5–6 (citation omitted).) Third, Plaintiffs called the Court's attention to the language in their Reply brief in support of their Notice of Proposed Discovery, which reads: "State Board Defendants will not be prejudiced by having to complete their previously agreed upon production of the *Holmes* Litigation discovery documents and to provide updated information about the impact and implementation of S.B. 824 before this case proceeds expeditiously to trial." (ECF No. 208 at 1.)

Plaintiffs' expression of their desire to discuss a time period to have the record reopened so that State Board Defendants can "update discovery previously provided," (ECF No. 202 at 5), is far from the contention now made that State Board Defendants had a duty to supplement pursuant to Rule 26(e). Similarly, Plaintiffs' simple listing of evidence that they desire from State Board Defendants in the course of arguing that the provision of such evidence will not prejudice State Board Defendants is not an assertion that State Board Defendants had a Rule 26(e) obligation to supplement. None of these statements were sufficient to raise the issue of whether State Board Defendants had a Rule 26(e) obligation to

13

supplement. Neither Plaintiffs nor State Board Defendants raised the obligation to supplement under Rule 26(e) as an issue in the briefings, or during the course of the proceedings, that were before the Magistrate Judge, and there is nothing in the record to demonstrate that Plaintiffs argued such an issue before the Magistrate Judge.

Accordingly, the Court holds that the issue now being presented before the Court as the basis of Plaintiffs' Objection is a new issue that was not raised before the Magistrate Judge.

> 2. The Court Declines to Consider This New Issue and Concludes that the Magistrate Judge's Order Was Not Clearly Erroneous or Contrary to Law

While the Fourth Circuit does make a distinction between arguments and issues, and requires this Court, upon objections from the parties, to address new arguments, *see George*, 971 F.2d at 1118, it does not require such with new issues, *Shahabuddin*, 2023 WL 3002746, at *10 (citing *Samples*, 860 F.3d at 271–273). The Fourth Circuit has not spoken, however, as to whether a district court, upon objection from a magistrate judge's order, *should* address new issues not raised before the Magistrate Judge in the first instance.

In other circuits, principally in the context of dispositive matters, issues raised for the first time in objections to the ruling of a magistrate judge have traditionally been considered waived. *See Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived."); *Cupit v. Whitley*, 28 F.3d 532, 535 & n.5 (5th Cir. 1994) (deciding that legal arguments, such as challenges based on exhaustion or procedural default, raised for the first time in objections to a magistrate judge's report and recommendation were waived); *Borden v. Sec'y of Health & Hum. Servs.*, 836 F.2d 4, 6 (1st Cir. 1987) (holding that issues raised for the first time in objections to the magistrate judge's recommendation were waived); *Paterson-Leitch Co., Inc. v. Massachusetts*

14

*Mun. Wholesale Elec. Co.*, 840 F.2d 985, 990–91 (1st Cir. 1988) (holding that Rule 72(b)'s requirement of a "de novo determination" by the district judge "does not permit a litigant to present new initiatives to the district judge" that were "never seasonably raised before the magistrate"); *Greenhow v. Sec'y of Health & Hum. Servs.*, 863 F.2d 633, 638 (9th Cir. 1988) (holding that a district court properly refused to consider an issue that was first raised in objection to a magistrate judge's report), *overruled on other grounds by United States v. Hardesty*, 977 F.2d 1347, 1348 (9th Cir. 1992) (en banc).

The rationale provided by the courts in the above-mentioned cases from other circuits for not considering new issues first raised in objections to a magistrate judge's ruling is as follows. "The role played by magistrates within the federal judicial framework is an important one," as "[t]hey exist 'to assume some of the burden imposed [on the district courts] by a burgeoning caseload'" and to "relieve courts of unnecessary work." *Paterson-Leitch*, 840 F.2d at 991 (second alteration in original) (internal quotation marks omitted) (quoting *Chamblee v. Schweiker*, 518 F. Supp. 519, 520 (N.D. Ga. 1981); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 605 (1st Cir. 1980)). "Systemic efficiencies would be frustrated" and the magistrate's role would be diminished if a party were permitted to save an issue for presentation before the district court. *Id.* Further, "allowing parties to litigate fully their case before the magistrate and, if unsuccessful, to change their strategy and present a different theory to the district court would frustrate the purpose of the Magistrates Act." *Greenhow*, 863 F.2d at 638.

This Court declines to encourage such a circumvention of "the orderly processes of federal litigation." *Paterson-Leitch*, 840 F.2d at 991. The Court recognizes that the referenced cases from other circuits were decided in the context of dispositive matters; however, the Court finds the rationale from those cases should likewise apply here. The Court reiterates

15

that the district judge's standard of review of a magistrate judge's legal conclusions in nondispositive matters is the same as its standard of review of a magistrate judge's ruling in dispositive matters: de novo. *See supra* note 5.

This Court is persuaded by those courts in other circuits who have articulated substantial reasons why the district judge's entertainment of new issues is or should be discouraged. This Court "do[es] not believe that the Magistrates Act was intended to give litigants an opportunity to run one version of their case past the magistrate, then another past the district court." *Greenhow*, 863 F.2d at 638. As a result, this Court declines to consider an issue which "could have been, but inexplicably was not, presented to the magistrate in the first instance." *Paterson-Leitch*, 840 F.2d at 991; *Borden*, 836 F.2d at 6. This Court will not allow Plaintiffs to use this Objection to the Magistrate Judge's Order as a vehicle to now present a wholly different issue that was never raised in any briefings or proceedings before the Magistrate Judge.

Having now concluded that the Magistrate Judge's discussion of Rule 26(e) was not a holding or a ruling concerning the Parties' rights to the supplementation of disclosures under Rule 26(e), that the issue that was before the Magistrate Judge was whether discovery should be reopened, and that the Objection made by Plaintiffs does in fact present a new issue before this Court, this Court determines that the Magistrate Judge's September 12, 2023 Order was neither clearly erroneous nor contrary to law and declines to consider this new issue that was not raised before the Magistrate Judge. Consequently, this Court overrules Plaintiffs' Objection and affirms the Magistrate Judge's Order.

16

Case 1:18-cv-01034-LCB-LPA   Document 228   Filed 02/12/24   Page 16 of 17

B.  **This Court Elects to Refer This New Issue to the Magistrate Judge**

Plaintiffs have now raised that State Board Defendants have a duty to supplement their disclosures, including "[a]ll public records concerning the implementation efforts of the S.B. 824's voter photographic ID requirement by the North Carolina State Board of Elections." (ECF No. 211 at 31.)  Moreover, in raising this potential duty of supplementation owed by State Board Defendants, Plaintiffs have expressed that they are seeking the implementation evidence of S.B. 824 from April 2023 onward.  (Tr. at 4:21–5:5.)  As has been held by this Court, in light of the fact that this is a new issue that was not presented to the Magistrate Judge, this Court will not address this issue as a basis of Plaintiffs' Objection to the Magistrate Judge's Order.  Nevertheless, because of the seriousness of the issues presented by this lawsuit and the matters of public interest implicated, to the extent that State Board Defendants may have a duty to supplement their disclosures, this Court will refer this matter back to the Magistrate Judge to determine the nature and scope of such potential duty.

For the reasons stated herein, the Court enters the following:

**ORDER**

**IT IS THEREFORE ORDERED** that Plaintiffs' Objection to the Magistrate Judge's Order Denying Plaintiffs' Motion to Reopen Discovery, (ECF No. 211), is **OVERRULED**, and the Magistrate Judge's September 12, 2023, Order, (ECF No. 210), is **AFFIRMED**.

**IT IS FURTHER ORDERED** that this matter is referred back to the Magistrate Judge for the purpose of addressing this new issue regarding a potential duty by State Board Defendants to supplement disclosures under Rule 26(e), specifically as it relates to implementation evidence.

This, the 12th day of February 2024.

/s/ Loretta C. Biggs
United States District Judge