## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF NORTH CAROLINA

NORTH CAROLINA STATE
CONFERENCE OF THE NAACP, *et al.*,

              *Plaintiffs,*

     v.

ALAN HIRSCH, in his official capacity as
Chair of the North Carolina State Board of
Elections, *et al.*,

              *Defendants,*

            and

PHILLIP E. BERGER, in his official
capacity as President Pro Tempore of the
Senate, *et. al*,

*Legislative Defendants-Intervenors.*

No. 1:18-cv-01034

**PLAINTIFFS' AND DEFENDANTS' AMENDED JOINT PROPOSED PRE-TRIAL STIPULATIONS**

       Plaintiffs North Carolina State Conference of the NAACP, Chapel Hill - Carrboro NAACP, Greensboro NAACP, High Point NAACP, Moore County NAACP, Stokes County Branch of the NAACP, and Winston Salem - Forsyth County NAACP ("Plaintiffs") (collectively, "Plaintiffs") and State Board of Elections Defendants Alan Hirsch, Jeff Carmon, Stacy "Four" Eggers IV, Kevin Lewis, Sioban Millen (collectively, "State Board Defendants") and Legislative Defendant-Intervenors Timothy K. Moore and Philip E. Berger (collectively, "Legislative Defendants") (Plaintiff and Defendants each a "Party"

1

and together the "Parties"), by and through undersigned counsel stipulate to the matters set forth below (the "Stipulation").[1]

The Stipulation will govern the conduct at trial of the Parties, through counsel, representatives, and all witnesses tendered. Should one Party believe that the opposing Party introduced evidence or presented argument at trial that opens the door to argument or evidence that would otherwise be precluded by the Stipulation, that Party will first, to the extent practicable, raise the issue with the opposing Party to determine if the issue can be resolved. If it is not practicable for a Party to first raise the issue with the opposing Party or the Parties are unable to resolve the issue after conferring, then the Party shall approach the Court before seeking to introduce evidence that is otherwise subject to the Stipulation.

By agreeing to any of the stipulated facts set forth below, the Parties do not concede or forfeit the argument that any of these facts are legally relevant to the claims in this case. All Parties may rely on any stipulated fact regardless of the Party proffering the fact.

## I.     STIPULATIONS AGREED-TO BY THE PARTIES

### A.     Stipulations of Fact

The Parties stipulate to the following uncontested facts:

### Stipulations Related to Legislative History

1.     Forty North Carolina jurisdictions were considered "covered jurisdictions" under Section 5 of the Voting Rights Act in 2013.

---

[1] The Parties filed a set of Joint Proposed Pre-Trial Stipulations on April 15, 2024. The Parties have met and conferred further since then and submit these Amended Proposed Pre-Trial Stipulations in place of the previously filed stipulations.

2. The North Carolina General Assembly first attempted to pass a voter ID law in 2011, H.B. 351.

3. Governor Beverly Perdue vetoed the 2011 proposed voter ID bill.

4. Since 40 jurisdictions were covered by Section 5 of the Voting Rights Act, on March 5, 2013, Representative Harry Warren and various other sponsors of HB589 requested a cross-matching of registered voters who have "neither a NC Driver's License nor a NC Identification Card" and the "number of one-stop voters and provisional voters." Representative Warren requested that both inquiries be broken down by all possible demographics that SBOE captures, including "party affiliation, ethnicity, gender, etc."

5. H.B. 589 was initially introduced on April 4, 2013.

6. As drafted, the first version of H.B. 589 introduced on April 4, 2013, permitted voting using the following forms of identification: (1) An identification card that bears either a date of expiration or a date of issuance and that is not more than 10 years beyond the date of expiration or issuance, whichever is later, issued by a branch, department, agency, or entity of the United States, this State, or any other state, such as any of the following: (a) A North Carolina driver's license issued under Article 2 of Chapter 20 of the General Statutes, including a learner's permit or a provisional license; (b) A special identification card for nonoperators issued under G.S. 20-37.7; (c) A United States passport; (d) An employee identification; (e) A United States military identification card; (f) An identification card issued by The University of North Carolina and its constituent institutions; (g) An identification card issued by a North Carolina community; (h) An identification card issued to a fireman, EMS, hospital employee, or law enforcement officer. (2) A tribal identification card. (3) An identification card that bears a date of expiration and was not expired on the day the voter reached the age of 70 issued by a branch, department, agency, or entity of the United States, this State, or any other state.

7. The U.S. Supreme Court issued its decision in *Shelby County* v. *Holder* on June 25, 2013.

8. The version of H.B. 589 reported and adopted by the Senate's Committee on Rules and Operations on July 23, 2013, permitted voting using the following forms of identification: As used in this section, "photo identification" means any one of the following that contains a photograph of the registered voter. In addition, the photo identification shall have a printed expiration date and has not expired, provided that any voter having attained the age of 70 years at the time of presentation at the voting place shall be permitted to present an

3

expired form of any of the following that was unexpired on the voter's 70th birthday. Notwithstanding the previous sentence, in the case of identification under subdivisions (4) through (6) of this subsection, if it does not contain a printed expiration date, it shall be acceptable if it has a printed issuance date that is not more than eight years before it is presented for voting: (1) A North Carolina driver's license issued under Article 2 of Chapter 20 of the General Statutes, including a learner's permit or a provisional license. (2) A special identification card for nonoperators issued under G.S. 20-37.7. (3) A United States passport. (4) A United States military identification card, except there is no requirement that it have a printed expiration or issuance date. (5) A Veterans Identification Card issued by the United States Department of Veterans Affairs for use at Veterans Administration medical facilities , except there is no requirement that it have a printed expiration or issuance date. (6) A tribal enrollment card issued by a federally recognized tribe or a tribe recognized by this State under Chapter 71A of the General Statutes. (7) A driver's license or nonoperators identification card issued by another state, the District of Columbia, or a territory or commonwealth of the United States, but only if the voter's voter registration was within 90 days of the election.

9.      The North Carolina General Assembly passed H.B. 589 on July 25, 2013.

10.     As passed on July 25, 2013, H.B. 589 provided: As used in this section, "photo identification" means any one of the following that contains a photograph of the registered voter. In addition, the photo identification shall have a printed expiration date and shall be unexpired, provided that any voter having attained the age of 70 years at the time of presentation at the voting place shall be permitted to present an expired form of any of the following that was unexpired on the voter's 70th birthday. Notwithstanding the previous sentence, in the case of identification under subdivisions (4) through (6) of this subsection, if it does not contain a printed expiration date, it shall be acceptable if it has a printed issuance date that is not more than eight years before it is presented for voting: (1) A North Carolina driver's license issued under Article 2 of Chapter 20 of the General Statutes, including a learner's permit or a provisional license. (2) A special identification card for nonoperators issued under G.S. 20-37.7. (3) A United States passport. (4) A United States military identification card, except there is no requirement that it have a printed expiration or issuance date. (5) A Veterans Identification Card issued by the United States Department of Veterans Affairs for use at Veterans Administration medical facilities , except there is no requirement that it have a printed expiration or issuance date. (6) A tribal enrollment card issued by a federally recognized tribe. (7) A tribal enrollment card issued by a tribe recognized by this State under Chapter 71A of the General Statutes,

4

provided that card meets all of the following criteria: a. Is issued in accordance with a process approved by the State Board of Elections that requires an application and proof of identity equivalent to the requirements for issuance of a special identification card by the Division of Motor Vehicles under G.S. 20-7 and G.S. 20-37.7. b. Is signed by an elected official of the tribe. (8) A driver's license or nonoperators identification card issued by another state, the District of Columbia, or a territory or commonwealth of the United States, but only if the voter's voter registration was within 90 days of the election.

11.    The following individual legislators in the House, all Republicans, voted in favor of H.B. 589 in vote M11 concur: Arp; Avila; Bell, J.; Blackwell; Blust; Boles; Brawley, R.; Brawley, W.; Brody; Brown, B.; Brown, R.; Bryan; Bumgardner; Burr; Catlin; Collins; Conrad; Daughtry; Davis; Dixon; Dollar; Elmore; Faircloth; Ford; Fulghum; Hager; Hardister; Hastings; Hollo; Holloway; Horn; Hurley; Iler; Jeter; Johnson; Jones; Jordan; Langdon; Lewis; Malone; Martin, S; McElraft; McGrady; McNeill; Millis; Moffitt; Moore, T.; Murry; Pittman; Presnell; Ramsey; Riddell; Ross, S.; Saine; Samuelson; Schaffer; Setzer; Shepard; Speciale; Stam; Starnes; Steinburg; Stone; Szoka; Tillis (Speaker); Torbett; Turner; Warren, H.; Wells; West; Whitmire; Younts.

12.    The following individual legislators in the Senate, all Republicans, voted in favor of H.B. 589 on third reading: Allran; Apodaca (Chair); Barefoot; Barringer; Berger; Bingham; Brock; Brown; Brunstetter; Cook; Curtis; Daniel; Davis, J.; Goolsby; Gunn; Harrington; Hartsell; Hise; Hunt; Jackson; Meredith; Newton; Pate; Rabin; Rabon; Randleman; Rucho; Sanderson; Soucek; Tarte; Tillman; Tucker; Wade.

13.    The following individual legislators in the Senate, all Democrats, voted against H.B. 589 on third reading: Blue; Bryant; Clark; Davis, D.; Ford; Graham; Kinnaird; McKissick; McLaurin; Nesbitt; Parmon; Robinson; Stein; Woodard.

14.    The following individual legislators in the House, all Democrats, voted against H.B. 589 in vote M11 concur: Adams; Alexander; Baskerville; Bell, L.; Brandon; Carney; Cotham; Cunningham; Earle; Farmer-Butterfield; Fisher; Floyd; Foushee; Gill; Glazier; Goodman; Graham, C.; Graham, G.; Hall, D.; Hall, L.; Hamilton; Hanes; Harrison; Holley; Insko; Jackson; Lucas; Luebke; Martin, G; McManus; Michaux; Mobley; Moore, R.; Pierce; Queen; Richardson; Terry; Tine; Tolson; Waddell; Wilkins.

15.    H.B. 589 was challenged in federal court in a lawsuit filed on September 30, 2013, alleging that H.B. 589 violated the Fourteenth and Fifteenth

Amendments of the United States Constitution, and the Voting Rights Act (VRA), under the case caption *NAACP* v. *McCrory*, 1:13-cv-00861-TDS-JEP.

16. On June 22, 2015, the North Carolina General Assembly amended H.B. 589 to include a "reasonable impediment" exception.

17. The Fourth Circuit ordered that certain provisions of H.B. 589 be enjoined in *North Carolina State Conference of NAACP* v. *McCrory,* 831 F.3d 204 (4th Cir. 2016), *cert denied* 137 S. Ct. 1399 (2017).

18. On June 29, 2018, the North Carolina General Assembly ratified H.B. 1092.

19. H.B. 1092 added to the November 6, 2018 election ballot a referendum for a "Constitutional amendment to require voters to provide photo identification before voting in person."

20. North Carolina held state and local elections on November 6, 2018.

21. On November 6, 2018, voters passed four referenda to amend the Constitution of North Carolina: the amendment referenced in H.B. 1092, the amendment referenced in Marsy's Law (H.B. 551), the amendment referenced in S.B. 677, and the amendment referenced in S.B. 75.

22. The General Assembly adjourned its regular session on June 29, 2018 and reconvened the regular session on November 27, 2018.

23. House Joint Resolution 1101 provided that, "[d]uring the regular session that convenes on Tuesday, November 27, 2018, the restrictions contained in Section 3.2 of Resolution 2017-12 and the request and filing deadlines in the Permanent Rules of the Senate and the House of Representatives do not apply."

24. Between 1986 and 2016, the General Assembly convened a session in the fall following a general election on three occasions, holding one such session in 2002, one in 2004, and three in 2016.

25. Under Article II, Section 9 of the North Carolina Constitution, legislators' terms begin on the first day of the January after their election. The convening date for the 2019 General Assembly was January 9, 2019.

26. North Carolina General Assembly Staff Attorney Jessica Sammons gave a presentation on the initial draft legislation of S.B. 824 to the Joint Elections Oversight Committee on November 26, 2018.

27.     The draft language of S.B. 824 was first filed with the Senate Principal Clerk on November 27, 2018.

28.     S.B. 824 was introduced in the Senate on November 27, 2018.

29.     The primary sponsors of S.B. 824 were Senators Krawiec, Ford, and Daniel.

30.     The Joint Elections Oversight Committee received public comment on S.B. 824 at the November 26, 2018 hearing from the 30 people who offered to make public comment at the hearing.

31.     The Joint Elections Oversight Committee allocated two minutes for each individual to make public comment on S.B. 824 at the November 26, 2018 hearing.

32.     The Committee also accepted written statements and other documents from the speakers and from other members of the public.

33.     After S.B. 824 passed its first reading and was reported favorably out of two committees, the Senate held floor debate on November 28, 2018, during which eleven amendments to the bill were proposed and six were adopted.

34.     The North Carolina Senate voted in favor of Amendment 1 to S.B. 824 on November 28, 2018 at 4:59 p.m., by a vote of 43-0.

35.     The North Carolina Senate voted in favor of tabling Amendment 6 to S.B. 824 on November 28, 2018 by a margin of 29 to 13, with 28 Republicans and 1 Democrat voting aye, and 13 Democrats voting no.

36.     The North Carolina Senate did not reconsider Amendment 6 to S.B. 824 after the amendment was tabled.

37.     The North Carolina Senate voted in favor of tabling Amendment 7 to S.B. 824 on November 28, 2018 by a margin of 31 to 12, with 29 Republicans and two Democrats voting aye, and 12 Democrats voting no.

38.     The North Carolina Senate did not reconsider Amendment 7 to S.B. 824 after the amendment was tabled.

39.     The North Carolina Senate did not reconsider Amendment 8 to S.B. 824 after the amendment was tabled.

40.     The North Carolina Senate voted in favor of tabling Amendment 9 to S.B. 824 on November 28, 2018 by a margin of 30 to 12, with 29 Republicans and one Democrat voting aye, and 12 Democrats voting no.

41. The North Carolina Senate did not reconsider Amendment 9 to S.B. 824 after the amendment was tabled.

42. The North Carolina Senate voted in favor of Amendment 11 to S.B. 824 on November 28, 2018 at 5:55 p.m., by a vote of 40 to 3.

43. The North Carolina Senate passed S.B. 824 on its Second Reading on November 28, 2018 at 5:56 p.m. after the President called for any further discussion or debate and none was offered. The vote was 32 to 11, with twenty-nine Republicans and three Democrats voting aye, and eleven Democrats voting no.

44. The North Carolina Senate passed S.B. 824 on its Third Reading on November 29, 2018 by a vote of 30 to 10. Twenty-eight Republicans and two Democrats voted aye, and 10 Democrats voted no.

45. On December 4, 2018, S.B. 824 was placed on the calendar to be considered by the North Carolina House of Representatives.

46. On December 5, 2018, S.B. 824 passed in the North Carolina House of Representatives on its Second Reading on December 5, 2018 at 4:43 p.m. by a vote of 67 to 40. Sixty-five Republicans and two Democrats voted aye, and thirty-nine Democrats and one Republican voted no.

47. S.B. 824 passed in the North Carolina House of Representatives on its Third Reading by a margin of 67 to 40 on December 5, 2018 at 4:44 p.m. by a vote of 67 to 40. Sixty-five Republicans and two Democrats voted aye, and thirty-nine Democrats and one Republican voted no.

48. Discussion and debate on S.B. 824 in committee or on the floor of House of Representatives lasted between 12 and 13 hours.

49. The General Assembly passed S.B. 824 on December 6, 2018.

50. The following individual legislators in the House voted in favor of S.B. 824 on third reading: Adams (R); J. Adcock (R); Arp (R); Blust (R); Boles (R); Brawley (R); Brenden Jones (R); Brisson (R); Brody (R); Bumgardner (R); Burr (R); Clampitt (R); Cleveland (R); Collins (R); Conrad (R); Corbin (R); Davis (R); Destin Hall (R); Dixon (R); Dobson (R); Dollar (R); Duane Hall (D); Dulin (R); Faircloth (R); Ford (R); Fraley (R); Goodman (D); K. Hall (R); Hardister (R); Hastings (R); Henson (R); Horn (R); Howard (R); Hurley (R); Iler (R); Johnson (R); Lambeth (R); Lewis (R); Malone (R); McElraft (R); McGrady (R); McNeill (R); T. Moore (Speaker) (R); Muller (R); Murphy (R); Pittman (R); Potts (R); Presnell (R); Riddell (R); Rogers (R); Ross (R); Saine (R); Sauls (R); Setzer (R); Shepard (R); Speciale (R);

8

Steinburg (R); Stone (R); Strickland (R); Szoka (R); Torbett (R); R. Turner (R); Warren (R); Watford (R); White (R); Yarborough (R); Zachary (R).

51. The following individual legislators in the Senate voted in favor of S.B. 824 on third reading: Alexander (R); Ballard (R); Barefoot (R); Barrett (R); Barringer (R); Berger (R); Bishop (R); Britt (R); Brown (R); Cook (R); Daniel (R); D. Davis (D); J. Davis (R); Dunn (R); Edwards (R); Ford (D); Gunn (R); Hise (R); Horner (R); B. Jackson (R); Krawiec (R); McInnis (R); Newton (R); Rabin (R); Rabon (R); Randleman (R); Sanderson (R); Sawyer (R); Tillman (R); Wells (R).

52. The following individual legislators in the House voted against S.B. 824 on third reading: G. Adcock (D); Ager (D); Alexander (D); Autry (D); Ball (D); Beasley (D); Belk (D); L. Bell (D); Black (D); Brockman (D); Butler (D); Carney (D); Cunningham (D); Earle (D); Farmer-Butterfield (D); Fisher (D); Floyd (D); Garrison (D); Gill (D); C. Graham (D); Harrison (D); Holley (D); Hunter (D); Insko (D); Jackson (D); John (D); Jordan (R); Lucas (D); G. Martin (D); Michaux (D); Montgomery (D); Morey (D); Pierce (D); Quick (D); Reives (D); B. Richardson (D); Terry (D); B. Turner (D); Willingham (D); Wray (D).

53. The following individual legislators in the Senate voted against S.B. 824 on third reading: Chaudhuri (D); Fitch (D); Foushee (D); Lowe (D); McKissick (D); Robinson (D); Smith (D); Van Duyn (D); Waddell (D); Woodard (D).

54. S.B. 824 was presented to Governor Roy Cooper on December 6, 2018.

55. Governor Cooper vetoed S.B. 824 on December 14, 2018.

56. The North Carolina Senate overrode Governor Cooper's veto by a vote of 33-12 on December 18, 2018.

57. On December 18, 2018, Republicans in the North Carolina Senate voted in favor of overriding Governor Cooper's veto of S.B. 824 by a margin of 32 to 0. Three Republican members were excused absences and did not vote.

58. On December 18, 2018, Democrats in the North Carolina Senate voted against overriding Governor Cooper's veto of S.B. 824 by a margin of 12 to 1. One Democratic Senator was present but did not vote and another was an excused absence and did not vote.

59. On December 19, 2018, the North Carolina House of Representatives voted in favor of overriding Governor Roy Cooper's veto of S.B. 824 by a margin of 72 to 40.

60. On December 19, 2018, Republicans in the North Carolina House of Representatives voted in favor of overriding Governor Cooper's veto of S.B. 824 by a margin of 71 to 0. Two Republican Representatives were present but did not vote and two were excused absences and did not vote.

61. On December 19, 2018, Democrats in the North Carolina House of Representatives voted against overriding Governor Cooper's veto of S.B. 824 by a margin of 40 to 1. Four Democratic Representatives were excused absences and did not vote.

62. The following individual legislators in the House voted in favor of overriding Governor Cooper's veto of S.B. 824: Adams (R); J. Adcock (R); Arp (R); J. Bell (R); Bert Jones (R); Blackwell (R); Blust (R); Boles (R); Boswell (R); Bradford (R); Brawley (R); Brenden Jones (R); Brisson (R); Brody (R); Bumgardner (R); Burr (R); Clampitt (R); Cleveland (R); Collins (R); Conrad (R); Corbin (R); Davis (R); Destin Hall (R); Dixon (R); Dobson (R); Dollar (R); Duane Hall (D); Elmore (R); Faircloth (R); Ford (R); Fraley (R); Grange (R); K. Hall (R); Hardister (R); Hastings (R); Henson (R); Horn (R); Howard (R); Hurley (R); Iler (R); Johnson (R); Jordan (R); Lambeth (R); Lewis (R); Malone (R); McElraft (R); McGrady (R); McNeill (R); T. Moore (Speaker) (R); Muller (R); Murphy (R); Pittman (R); Potts (R); Presnell (R); Riddell (R); Rogers (R); Ross (R); Saine (R); Sauls (R); Setzer (R); Shepard (R); Speciale (R); Steinburg (R); Stevens (R); Stone (R); Strickland (R); Szoka (R); R. Turner (R); Warren (R); Watford (R); White (R); Yarborough (R).

63. The following individual legislators in the Senate voted in favor of overriding Governor Cooper's veto of S.B. 824: Alexander (R); Ballard (R); Barefoot (R); Barrett (R); Barringer (R); Berger (Chair) (R); Bishop (R); Britt (R); Brown (R); Cook (R); Daniel (R) ; J. Davis (R); Dunn (R); Edwards (R); Ford (D); Gunn (R); Harrington (R); Hise (R); Horner (R); B. Jackson (R); Krawiec (R); Lee (R); McInnis (R); Meredith (R); Newton (R); Rabin (R); Rabon (R); Sanderson (R); Sawyer (R); Tarte (R); Tillman (R); Tucker (R); Wells (R).

64. The following individual legislators in the House voted against overriding Governor Cooper's veto of S.B. 824: G. Adcock (D); Ager (D); Alexander (D); Autry (D); Ball (D); Beasley (D); Belk (D); L. Bell (D); Black (D); Brockman (D); Butler (D); Carney (D); Cunningham (D); Earle (D); Farmer-Butterfield (D); Floyd (D); Garrison (D); Gill (D); C. Graham (D); Harrison (D); Holley (D); Hunter (D); Insko (D); Jackson (D); John (D); Lucas (D); G. Martin (D); Meyer (D); Michaux (D); Montgomery (D); R. Moore (D); Morey (D); Pierce (D); Quick (D); Reives (D); B. Richardson (D); W. Richardson (D); Terry (D); Willingham (D); Wray (D).

65. The following individual legislators in the Senate voted against overriding Governor Cooper's veto of S.B. 824: Chaudhuri (D); Clark (D); D. Davis (D); Fitch (D); Foushee (D); J. Jackson (D); McKissick (D); Robinson (D); Smith (D); Van Duyn (D); Waddell (D); Woodard (D).

66. In the November 2018 General Election, the people of North Carolina adopted a constitutional amendment ("Voter ID Amendment") that provides, "Voters offering to vote in person shall present photographic identification before voting. The General Assembly shall enact general laws governing the requirements of such photographic identification, which may include exceptions." *See 2018 Constitutional Amendments as adopted by the N.C. Constitutional Amendments Publication Commission*, N.C. STATE BD. OF ELECTIONS, https://bit.ly/3oPBzou) (DX189).

67. 2,049,121 voters voted for the Voter ID Amendment, while 1,643,983 voters voted against the Voter ID amendment. *See* 11/06/2018 Official General Election Results – Statewide, N.C. STATE BD. OF ELECTIONS, http://bit.ly/2YHALaC (DX187).

68. 55.49% of voters voted for the Voter ID Amendment, while 44.51% of voters voted against the Voter ID Amendment. *See* 11/06/2018 Official General Election Results – Statewide, N.C. STATE BOARD OF ELECTIONS, http://bit.ly/2YHALaC (DX187).

69. On November 26, 2018, the Joint Elections Oversight Committee held a meeting in which implementation of the Voter ID Amendment was discussed. See Transcript of November 26, 2018 Joint Elections Oversight Committee (SB 824) (DX68). On November 27, 2018, Senate Bill 824 ("S.B. 824") was filed in the North Carolina Senate. *See* Senate Bill 824 as Filed (DX2).

70. On November 28, 2018, the Senate adopted Senate Amendment A1 to S.B. 824. *See* Amendment No. A1 to SB 824 by Sen. Ford (DX42).

71. Senate Amendment A1 to S.B. 824 was sponsored by Senator Ford. *See* Amendment No. A1 to SB 824 by Sen. Ford (DX42).

72. On November 28, 2018, the Senate adopted Senate Amendment A10 to S.B. 824. *See* Amendment No. A10 to SB 824 by Sen. McKissick (DX46).

73. Senate Amendment A10 was sponsored by Senator McKissick, an African American Democrat. *See* Amendment No. A10 to SB 824 by Sen. McKissick (DX46).

74. On November 28, 2018, the Senate adopted Senate Amendment A11 to S.B. 824. *See* Amendment No. A11 to SB 824 by Sen. Clark (DX47).

75. Amendment Senate A11 was sponsored by Senator Clark, an African American Democrat. *See* Amendment No. A11 to SB 824 by Sen. Clark (DX47).

76. On November 28, 2018, S.B. 824 passed Second Reading in the Senate. *See* Senate Roll Call Vote Transcript for Roll Call #810 re: Second Reading of SB 824 (DX55).

77. Senators Clark, Don Davis, and Ford voted for S.B. 824 on Second Reading in the Senate. *See* Senate Roll Call Vote Transcript for Roll Call #810 re: Second Reading of SB 824 (DX55).

78. Senator Don Davis is an African American Democrat.

79. On November 29, 2018, S.B. 824 passed Third Reading in the Senate by a vote of 30-10. Senate Roll Call Vote Transcript for Roll Call #811 re: Third Reading of SB 824 (DX70).

80. Senators Don Davis and Ford voted for S.B.824 on Third Reading in the Senate. *See* Senate Roll Call Vote Transcript for Roll Call #811 re: Third Reading of SB 824 (DX56).

81. Senator Clark was an excused absence from the vote for S.B. 824 on Third Reading in the Senate. *See* Senate Roll Call Vote Transcript for Roll Call #811 re: Third Reading of SB 824 (DX56).

82. On December 5, 2018, the House adopted House Amendment A1 to S.B. 824. *See* Amendment No. A1 to SB 824 by Rep. Harrison (DX13).

83. House Amendment A1 was sponsored by Representative Harrison, a Democrat. *See* Amendment No. A1 to SB 824 by Rep. Harrison (DX13).

84. On December 5, 2018, the House adopted House Amendment A2 to S.B. 824. *See* Amendment No. A2 to SB 824 by Rep. Beasley (DX14).

85. House Amendment A2 was sponsored by Representative Beasley, an African American Democrat. *See* Amendment No. A2 to SB 824 by Rep. Beasley (DX14).

86. On December 5, 2018, the House adopted House Amendment A4 to S.B. 824. *See* Amendment No. A4 to SB 824 by Rep. Floyd (DX15).

87. House Amendment A4 was sponsored by Representative Floyd, an African American Democrat. *See* Amendment No. A4 to SB 824 by Rep. Floyd (DX15).

88.　On December 5, 2018, the House adopted House Amendment A5 to S.B. 824. *See* Amendment No. A5 to SB 824 by Rep. Warren (DX16).

89.　House Amendment A5 was sponsored by Representative Warren, a Democrat. *See* Amendment No. A5 to SB 824 by Rep. Warren (DX16).

90.　On December 5, 2018, House Amendment A6 to S.B. 824 failed. *See* Amendment No. A6 to SB 824 by Rep. Warren (DX22).

91.　House Amendment A6 was sponsored by Representative Warren, a white Republican. *See* Amendment No. A6 to SB 824 by Rep. Warren (DX22).

92.　On December 5, 2018, House Amendment A9 to S.B. 824 failed. *See* Amendment No. A9 to SB 824 by Rep. Pittman (DX23).

93.　House Amendment A9 was sponsored by Representative Pittman, a white Republican. *See* Amendment No. A9 to SB 824 by Rep. Pittman (DX23).

94.　On December 5, 2018, the House adopted House Amendment A11 to S.B. 824. *See* Amendment No. A11 to SB 824 by Rep. C. Graham (DX19).

95.　House Amendment A11 was sponsored by Representative Charles Graham, a Native American Democrat. *See* Amendment No. A11 to SB 824 by Rep. C. Graham (DX19).

96.　On December 5, 2018, House Amendment A12 to S.B. 824 failed. *See* Amendment No. A12 to SB 824 by Rep. Pittman (DX24).

97.　House Amendment A12 was sponsored by Representative Pittman, a white Republican. *See* Amendment No. A12 to SB 824 by Rep. Pittman (DX24).

98.　Democrats sponsored a total of thirteen non-withdrawn amendments to S.B. 824. *See* DX13, DX14, DX15, DX19, DX21, DX25, DX42, DX46, DX47, DX48, DX49, DX50, DX51.

99.　Seven amendments to S.B. 824 sponsored by Democrats were adopted. *See* DX13, DX14, DX15, DX19, DX42, DX46, DX47.

100.　One Democrat-sponsored amendment to S.B. 824 that was not adopted, Senate Amendment A6, dealt with the use of free county board of elections voter IDs for non-voting purposes. *See* Amendment No. A6 to SB 824 by Sen. Clark (DX22).

101.　One Democrat-sponsored amendment to S.B. 824 that was not adopted, Senate Amendment A7, would have delayed the date on which free county

board of electionsvoter IDs became available to voters. *See* Amendment No. A7 to SB 824 by Sen. Van Duyn (DX49).

102. One Democrat-sponsored amendment to S.B. 824 that was not adopted, Senate Amendment A8, would have extended early voting to include the last Saturday beforean election. *See* Amendment No. A8 to SB824 (DX50).

103. The General Assembly later enacted, and Governor Cooper signed into law, a bill extending one-stop early voting to include the last Saturday before an election. *See* 2019 N.C. Sess. Laws 239 § 2(a) (DX107); *see also* Amendment No. A8 to SB 824 by Sen. Lowe (DX50).

104. One Democrat-sponsored amendment to S.B. 824 that was not adopted, HouseAmendment A13, would have added certain public assistance IDs to the list of qualifying voter ID. *See* Amendment No. A13 to SB 824 by Rep. Richardson (DX25).

105. The General Assembly later enacted, and Governor Cooper signed into law, a bill allowing for qualifying federal and state public assistance IDs to be used as qualifying voter ID. *See* N.C. Sess. Laws 2020-17 § 10 (DX78).

106. Republicans sponsored a total of 9 non-withdrawn amendments to S.B. 824. *See* DX16, DX17, DX18, DX22, DX23, DX24, DX43, DX44, DX45).

107. Three amendments to S.B. 824 sponsored by Republicans failed. *See* DX22, DX23, DX24.

108. On December 5, 2018, S.B. 824 passed Second Reading in the House by a vote of 67-40. *See* House Roll Call Vote Transcript for Roll Call #1323 re: Second Reading of SB 824 (DX32).

109. Democrat Representatives Duane Hall and Goodman voted for S.B. 824 on SecondReading in the House. *See* House Roll Call Vote Transcript for Roll Call #1323 re: Second Reading of SB 824 (DX32).

110. On December 5, 2018, S.B. 824 passed Third Reading in the House by a vote of 67-40. *See* House Roll Call Vote Transcript for Roll Call #1324 re: Third Reading of SB 824 (DX33).

111. Democrat Representatives Duane Hall and Goodman voted for S.B. 824 on Third Reading in the House. *See* House Roll Call Vote Transcript for Roll Call #1324 re: Third Reading of SB 824 (DX33).

14

112. On December 6, 2018, the Senate voted to concur in S.B. 824 as amended by the House by a vote of 25-7. *See* Transcript of December 6, 2018 Senate Floor - Concurrence (SB 824) (DX75).

113. Senator Don Davis voted to concur in S.B. 824 as amended by the House. *See* Senate Roll Call Vote Transcript for Roll Call #819 (Dec. 6, 2018) (DX26).

114. Senators Ford and Clark were excused absences in the vote to concur in S.B. 824 as amended by the House. *See* Senate Roll Call Vote Transcript for Roll Call #819 (Dec. 6, 2018) (DX26).

115. On December 18, 2018, the Senate voted to override Governor Cooper's veto of S.B.824 by a vote of 33-12. *See* Senate Roll Call Vote Transcript for Roll Call #824 re: Motion 11 Veto Override of SB 824 (DX67).

116. Senator Ford voted to override Governor Cooper's veto. *See* Senate Roll Call Vote Transcript for Roll Call #824 re: Motion 11 Veto Override of SB 824 (DX67).

117. On December 18, 2018, the House voted to override Governor Cooper's veto of S.B.824 by a vote of 72-40. House Roll Call Vote Transcript for Roll Call #1354 re: Veto Override of SB 824 (DX41).

118. Democrat Representative Duane Hall voted to override Governor Cooper's veto. *See* House Roll Call Vote Transcript for Roll Call #1354 re: Veto Override of SB 824 (DX41).

119. Representative Goodman was an excused absence on the vote to override Governor Cooper's veto. *See* House Roll Call Vote Transcript for Roll Call #1354 re: Veto Override of SB 824 (DX41).

120. Discussion and debate on S.B. 824 in committee or on the floor of the House lasted nearly thirteen hours. *See* Transcript of December 4, 2018 House Rules Committee (SB824) (DX73); Transcript of House Elections Committee (SB 824) (DX72); Transcript of November 26, 2018 Joint Elections Oversight Committee (SB 824) (DX68); Transcript of December 5, 2018 House Floor Audio - 2nd and 3rd Reading (SB 824) (DX74); Transcript of December 4, 2018 House Elections and Ethics Committee (SB 824) (DX72).

121. On March 13, 2019, the General Assembly passed S.B. 214. *See* Senate Bill 214 Version 4 (Final Enacted Law) (Mar. 13, 2019), https://bit.ly/3trfWhM) (DX183).

15

122. On March 14, 2019, Governor Cooper signed S.B. 214 into law. *See* Senate Bill 214 Version 4 (Final Enacted Law) (Mar. 13, 2019), https://bit.ly/3trfWhM) (DX183).

123. S.B. 214 amended S.B. 824 by postponing enforcement of voter ID to the 2020 elections while providing that "all implementation and educational efforts . . . shallcontinue." *See* Senate Bill 214 Version 4 (Final Enacted Law) (Mar. 13, 2019), https://bit.ly/3trfWhM) (DX183).

124. On May 28, 2019, the General Assembly passed H.B. 646. *See* Session Law 2019-22, House Bill 646 (DX108).

125. On June 3, 2019, Governor Cooper signed H.B. 646 into law. *See* Session Law 2019-22, House Bill 646 (DX108).

126. H.B. 646 amended S.B. 824 to increase the time during which educational institutions and government employees can have their ID approved to qualify as voter ID and relaxed approval requirements. *See* Session Law 2019-22, House Bill 646 (DX108).

127. On October 29, 2019, the General Assembly passed S.B. 683. *See* Senate Bill 683 Version 8 (Final Enacted Law) (Nov. 6, 2019) (DX107).

128. On November 6, 2019, Governor Cooper signed S.B. 683 into law. *See* Senate Bill 683 Version 8 (Final Enacted Law) (Nov. 6, 2019) (DX107).

129. S.B. 683 amended S.B. 824 by changing the reasonable impediment process for absentee ballots. *See* Senate Bill 683 Version 8 (Final Enacted Law) (Nov. 6, 2019) (DX107).

130. S.B. 683 appropriated additional funding to the State Board of Elections to implement voter ID. *See* Senate Bill 683 Version 8 (Final Enacted Law) (Nov. 6, 2019) (DX107).

131. On June 11, 2020, the General Assembly passed H.B. 1169 by a vote of 37-12 in the Senate and 105-14 in the House. *See* Senate Roll Call Vote Transcript for Roll Call #727 re: Third Reading (HB 1169) (DX105); House Roll Call Vote Transcript for Roll Call #959 re: M11 Concur (HB 1169) (DX106).

132. On June 12, 2020, Governor Cooper signed H.B. 1169 into law. *See* NC Session Law 2020-17, House Bill 1169 (DX78).

133. H.B. 1169 amended S.B. 824 by adding to the list of qualifying voter ID an identification card issued by a department, agency, or entity of the United

16

States government or this State for a government program of public assistance. *See* NC Session Law 2020-17, House Bill 1169 (DX78).

**S.B. 824's Substantive Provisions Regarding Voter ID.**

134. S.B. 824 identifies categories of photo IDs permitted for in-person and absentee voting, authorizes the issuance of free photo IDs, provides a number of exceptions to the photo ID requirement, and mandates that the State Board engage in voter outreach and education. *See* S.B. 824, DX009.

135. Under S.B. 824, a voter may vote, in-person or by absentee ballot, if he or she presents photographic identification falling into one of the following categories, subject to the conditions set forth in Stipulations 136 to 138 and 148:

- NC driver's license;

- NC nonoperator's ID;

- Passport;

- NC voter ID issued by a county board of elections;

- Tribal ID;

- Approved Student ID issued by private and public colleges, universities and community colleges;

- Approved State, local government, and charter school employee ID

- Driver's license and nonoperator's ID issued by another state, for newly registered voters;

- Military ID;

- Veterans ID; and

- ID cards issued by any state or federal department, agency, or other entity for a government program of public assistance.

S.B. 824, sec. 1.2(a), codified at N.C.G.S. § 163-166.16(a); N.C. Sess. Law 2020-17, sec. 10; § 163-166.16(a)(2)d, also at DX078.

17

136.    Military, veterans, and tribal IDs are accepted even if the card has no expiration or issuance date.  S.B. 824, sec. 1.2(a), codified as § 163-166.16(a)(2).

137.    If a voter is sixty-five years old or older, an expired ID is accepted as long as it was unexpired on the voter's sixty-fifth birthday.  *Id.*, sec. 1.2(a), § 163-166.16(a)(3).

138.    The remaining qualifying IDs will be accepted if they are unexpired or have been expired for one year or less.  *Id.*, § 163-166.16(a)(1).

139.    S.B. 824 requires the county boards of elections to "issue without charge voter photo identification cards upon request to registered voters."  S.B. 824, sec. 1.1(a), codified at § 163-82.8A(a).

140.    "A registered voter seeking to obtain a voter photo identification card [from a county board] shall provide [their] name, [their] date of birth, and the last four digits of [their] social security number."  *See id.*, sec. 1.1(a), § 163-82.8A(d)(1).

141.    "Voter photo identification cards shall be issued at any time, except during the time period between the end of one-stop voting for a primary or election as provided in G.S. 163-227.2 and election day for each primary and election."  N.C. Gen. Stat. § 163-82.8A(d)(2).

142.    S.B. 824 enables a person who is a resident of North Carolina and over the age of 17 to apply to the North Carolina Division of Motor Vehicles for a no fee "special identification card" that can be used for voting purposes.  *Id.*, sec. 1.3(a), § 20-37.7(d)(2).

143.    A registered voter who does not have a certified copy of their birth certificate or marriage license can request a certified copy of their birth certificate or marriage license from the Register of Deeds.  N.C. Gen. Stat. § 161-10(a)(8) provides that, "upon verification of voter registration, a register of deeds, in accordance with G.S. 130A-93, shall issue without charge a certified copy of a birth certificate or a certified copy of a marriage license to any registered voter who declares the registered voter is registered to vote in this State and does not have a certified copy of that registered voter's birth certificate or marriage license necessary to obtain photo identification acceptable under G.S. 163-166.16.  Any declaration shall prominently include the penalty under G.S. 163-275(13) for falsely or fraudulently making the declaration."  *Id.,* sec. 1.3(a), § 161-10(a)(8).

18

144. S.B. 824 allows otherwise eligible voters to cast provisional ballots without photo ID in three circumstances:

- "due to being a victim of a natural disaster occurring within 100 days before election day that resulted in a disaster declaration by the President of the United States or the Governor of this State";

- "due to a religious objection to being photographed"; or

- "because the registered voter suffers from a reasonable impediment that prevents the registered voter from presenting photographic identification…"

*Id.*, sec. 1.2(a), codified as § 163-166.16(d), & (e).

145. N.C. Gen. Stat. § 163-166.16(f) provides that, "[i]f the county board of elections determines that the registered voter voted a provisional ballot only due to the inability to provide proof of identification and the required affidavit required in subsection (d) of this section is submitted, the county board of elections shall find that the provisional ballot is valid unless the county board has grounds to believe the affidavit is false." *Id.*, sec. 1.2(a), § 163-166.16(f).

146. The State has adopted rules and the State Board issued Numbered Memo 2023-03 describing the process that county Boards of Election should follow when a voter submits a provisional ballot claiming an exception under N.C. Gen. Stat § 163-166.16(d) and completes the required affidavit. *See* 08 N.C. Admin. Code 17.0101(e)(1); *see also* DX332 (Numbered Memo 2023-03).

147. On September 14, 2023, the State Board of Elections issued Numbered Memo 2023-03, "Photo ID and In Person Voting." It was later revised on February 23, 2024. In the memo, the State Board states, among other things, that:

> "All voters are allowed to vote with or without a photo ID. There are two options for an in- person voter who does not present acceptable photo ID. Every voter without an acceptable photo ID must be offered both options."

> "The voter may complete a Photo ID Exception Form, claiming an exception to the photo ID requirement, and then vote a provisional ballot. A county board is required to approve and count the provisional ballot unless the county board unanimously finds that the form was falsely completed and

19

puts that finding in a written decision. Before the county board makes a final finding of falsity, it must give the voter notice and an opportunity to address the county board on the matter."

"The voter may vote a provisional ballot and then bring an acceptable photo ID to the county board office before 5:00 P.M. on the day before county canvass. When a voter chooses this option, their photo ID will be evaluated at the county board office in the same manner as it would have been evaluated at the voting place."

148. In addition, in Numbered Memo 2023-03 (as revised on February 23, 2024), in response to an FAQ of "Is a suspended or revoked driver's license an acceptable Photo ID?" the State Board answers "No. If an election official becomes aware that a voter is presenting a suspended or revoked license, the official should inform the voter that such an ID is no longer "valid," as required by the photo ID law for voting.  In practice, however, election officials are typically not going to know whether a person's license has been suspended or revoked, since that information does not appear on the face of an ID, and election officials should not do independent research to determine the license status. Without having a reason to believe a voter's license has been revoked or suspended, election officials must assume that the license remains valid."

149. In the alternative to the exceptions found in N.C.G.S.  § 163-166.16(d) and (e), if a registered voter cannot produce acceptable photo ID, "the registered voter may cast a provisional ballot that is counted only if the register voters brings an acceptable form of photograph identification … to the county board of elections no later than the end of business on the business day prior to the canvass by the county board of elections," which occurs ten days after the election.  S.B. 824, sec. 1.2(a), codified as § 163-166.16(c); *see also* N.C.G.S. § 163-182.5(b).

150. N.C. Gen. Stat. § 163-166.16(c) provides that "[t]he State Board shall provide the registered voter casting a provisional ballot due to failure to provide photo identification an information sheet on the deadline to return to the county board of elections to present photo identification, and what forms of photo identification are acceptable, in order for the voter's provisional ballot to be counted."  S.B. 824, sec. 1.2(a), § 163-166.16(c).

**North Carolina's System of Voting**

151. The early voting period lasts two–and-a-half weeks, allows for voting on the Saturday before Election Day, and permits counties to offer additional weekend hours.  N.C.G.S. §§ 163-166.35(d), -166.40(b) (2023).

152. A voter may vote at any early voting location in their county. *Id.*, § 163-227.2.

153. N.C. Gen. Stat. § 163-226(a) provides that "any qualified voter of the State may vote by absentee ballot in a statewide primary, general, or special election on constitutional amendments, referenda or bond proposals, and any qualified voter of a county is authorized to vote by absentee ballot in any primary or election conducted by the county board of elections, in the manner provided in this Article."

154. Absentee ballots, which may be requested online, are available 60 days prior to Election Day in general elections and 50 days prior to the date of primaries and special elections.  *Id.,* §§ 163-227.10(a) & -230.3.

155. Absentee ballots must be received by 7:30pm on Election Day in order to be accepted unless required by federal law or the State Board or a court order extended the closing time of the polls.  *Id.*, § 163-231(b).

156. Voters who require assistance due to age or disability are allowed to vote curbside from their vehicle.  DX395; N.C.G.S. § 163-166.9; *see also* https://www.ncsbe.gov/voting/help-voters-disabilities/accessible-voting-sites/curbside-voting, last visited April 12, 2024.

157. Voters who require assistance inside the polling place are permitted to request help.  DX395; N.C.G.S. § 163-166.8; *see also* https://www.ncsbe.gov/voting/help-voters-disabilities, last visited April 12, 2024.

158. Voters who are blind or visually impaired and wish to vote by absentee ballot are permitted to do through an accessible absentee voting system.  *Id.*; *see also* https://www.ncsbe.gov/voting/help-voters-disabilities/accessible-absentee-voting, last visited April 12, 2024.

159. North Carolina has around 2,600 polling places open from 6:30 a.m. to 7:30 p.m. on election day.  DX395; N.C.G.S. § 163-166.01.

160. Voters may utilize the State Board's online Voter Search to find their polling place and their sample ballot.  DX395; https://vt.ncsbe.gov/RegLkup/, last visited April 12, 2024.

## II. Exhibits and Demonstratives

161. The Parties will exchange the demonstrative evidence that will be used in opening and closing statements and with witnesses, except for cross examination, with opening demonstratives disclosed no later than 72 hours before and witness and closing demonstratives no later than 24 hours before the start of the trial day the Party intends to use the demonstrative at trial.

162. The Parties will provide their intended order of witnesses as follows. On May 2, 2024 by 8:00 p.m., Plaintiffs will provide its intended order of witnesses for May 6 and May 7, 2024. In addition, on May 2, 2024 by 8:00 p.m., Plaintiffs also will identify for Defendants any witnesses who Plaintiffs have determined that they do not intend to call. Thereafter, the Parties will disclose their intended order of witnesses at 8 p.m. two days before they intend to call them. Thus, for example, Plaintiffs will disclose witnesses for May 8, 2024 at 8 p.m. on May 6, 2024. For purpose of this stipulation, (a) Defendants' obligation to serve its intended order of witnesses will commence once Plaintiffs advise that they are within 72 hours of closing their direct case, and (b) this disclosure obligation will not extend to witnesses in any rebuttal case.

Dated: April 24, 2024

Respectfully submitted,

*By:/s/ Kathleen E. Roblez*
Caitlin A. Swain
NC Bar No. 57042
Kathleen E. Roblez
NC Bar No. 57039
Ashley Mitchell
NC Bar No. 56889
**FORWARD JUSTICE**
P.O. Box 1932
Durham, NC 27721
Phone: (919) 323-3889
cswain@forwardjustice.org
kroblez@forwardjustice.org
amitchell@forwardjustice.org

*By: /s/ Penda D. Hair*
Penda D. Hair
DC Bar No. 335133
**FORWARD JUSTICE**
P.O. Box 42521

22

Washington, DC 20015
Phone: (202) 256-1976
phair@forwardjustice.org

*By: /s/ Irving Joyner*
Irving Joyner
NC State Bar No. 7830
P.O. Box 374
Cary, NC 27512
Phone: (919) 319-8353
ijoyner@nccu.edu

*By: /s/ Preston Smith*
Preston Smith
D.C. Bar No. 1002179
Jeremy C. Karpatkin
D.C. Bar No. 980263
John Freedman
D.C. Bar No. 453075
**ARNOLD & PORTER KAYE
SCHOLER LLP**
601 Massachusetts Avenue, NW
Washington, DC 20001-3743
Phone: (202) 942-6603
Jeremy.Karpatkin@arnoldporter.com

*Counsel for Plaintiffs*

*By: /s/ Nicole J. Moss*
Nicole J. Moss (State Bar No. 31958)
COOPER AND KIRK, PLLC
1523 New Hampshire Avenue, N.W.
Washington, D.C. 20036
Telephone: (202) 220-9600
Fax: (202) 220-9601
nmoss@cooperkirk.com

*Local Civil Rule 83.1 Counsel for
Legislative Defendants*

*/s/ David H. Thompson*
Peter A. Patterson
Clark L. Hildabrand

23

Kate Hardiman
COOPER AND KIRK, PLLC
1523 New Hampshire Avenue, N.W.
Washington, D.C. 20036
Telephone: (202) 220-9600
Fax: (202) 220-9601
dthompson@cooperkirk.com

*Counsel for Legislative Defendants*

JOSHUA H. STEIN
Attorney General

By: /s/ Terence Steed
Terence Steed
Special Deputy Attorney General
N.C. State Bar No. 52809
E-Mail: tsteed@ncdoj.gov

Mary Carla Babb
Special Deputy Attorney General
N.C. State Bar No. 25731
mcbabb@ncdoj.gov

Laura McHenry
Special Deputy Attorney General
N.C. State Bar No. 45005
lmchenry@ncdoj.gov

N.C. Department of Justice
Post Office Box 629
Raleigh, NC 27602
Telephone: (919) 716-6567
Facsimile: (919) 716-6763

*Counsel for the State Board Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this date I electronically filed the foregoing PLAINTIFFS'

AND DEFENDANTS' AMENDED JOINT PROPOSED PRE-TRIAL STIPULATIONS

with the Clerk of Court using the CM/ECF system which will send notification of such to

all counsel of record in this matter.

This, the 24th day of April 2024.

*/s/ Kathleen E. Roblez*
Kathleen E. Roblez
