IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| NORTH CAROLINA STATE CONFERENCE OF THE NAACP, *et al.*, | ) ) ) |
| Plaintiffs, | ) ) ) 1:18CV1034 |
| v. | ) ) |
| ALAN HIRSCH, in his official capacity as Chair of the North Carolina State Board of Elections, *et al.*, | ) ) ) ) |
| Defendants, | ) ) ) |
| and | ) ) |
| PHILIP E. BERGER, in his official capacity as President Pro Tempore of the North Carolina Senate, *et al.*, | ) ) ) ) ) |
| Legislative Defendant Intervenors. | ) |

**MEMORANDUM OPINION AND ORDER**

LORETTA C. BIGGS, District Judge.

Before the Court is Plaintiffs' Motion for Clarification, (ECF No. 295), filed on May 1, 2024, in which Plaintiffs state that they are seeking guidance on whether certain witnesses listed in their motion will be permitted to testify. This motion was heard by the undersigned at the pre-trial conference on May 2, 2024. (Minute Entry 05/02/2024.)

Plaintiffs' motion is made in reference to the Magistrate Judge's Memorandum Opinion and Order issued on April 29, 2024. (ECF No. 295 at 1–2.) For the reasons stated below, the Court concludes that Plaintiffs are prohibited from substituting Danizza Mashburn for

Carlotta Dorsett Smith.  Further, Plaintiffs are prohibited from calling Priscilla Webb, Jenny McKenny, Tyler Daye, and Carol Moreno Cifuentes.

Plaintiffs first express that they "understand [the Magistrate Judge's] order to permit testimony of the following persons on [their] witness list concerning voting or attempting to vote in the 2024 primary:" Cedric Baker, Carlotta Dorsett Smith, Robert Fletcher, and Keith Rivers.  (ECF No. 295 at 2.)  However, because, according to Plaintiffs, Carlotta Dorsett Smith is no longer available to testify at trial, "Plaintiffs request that she be replaced with another 2024 voter, Danizza Mashburn."  (*Id.*)

All Parties agree that, pursuant to the Magistrate Judge's Order, voter-witnesses Cedric Baker, Robert Fletcher, and Keith Rivers are permitted to serve as fact witnesses that will testify about voting or attempting to vote in the 2024 primary election.  (Tr. at 47:8-15.[1])  However, Legislative Defendants contest the replacement of Carlotta Dorsett Smith with the "late-disclosed voter," Danizza Mashburn, asserting that such a replacement would be prejudicial.  (Tr. at 47:16-24.)  State Board Defendants also argue that such a substitution would be improper.  (Tr. at 48:3-9.)

The replacement of a witness, especially via a request made in a motion for clarification, *days* before the start of trial would undoubtedly cause prejudice to both Legislative Defendants and State Board Defendants. Further, under the factors articulated in *Southern States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592 (4th Cir. 2003), such an action constitutes the type of surprise that causes an untimely disclosure of a witness to fail to qualify for the

---

[1] Citations to "Tr." are to the Realtime Feed – Unedited/Uncertified Transcript for the May 2, 2024, pre-trial conference before this Court.

harmlessness exception to Rule 37(c)(1) of the Federal Rules of Civil Procedure.[2] Moreover, Plaintiffs' explanation for their failure to disclose Ms. Mashburn's name does not provide substantially justification for her inclusion as a witness. In Plaintiffs' motion, they state that they "came into contact with Ms. Mashburn hours before the final witness list was filed on April 15, 2024." (ECF No. 295 at 2 n.1.) Plaintiffs admit to coming into contact with Ms. Mashburn before having filed the final witness list, yet Plaintiffs failed to include her name on that list. (*See generally* ECF No. 266.) Thus, this Court, having concluded that such substitution at this late hour is prejudicial, provides no opportunity to minimize the prejudice, and that Plaintiffs have failed to meet their burden of demonstrating that such substitution is substantially justified or harmless, therefore excludes the testimony of Danizza Mashburn as a fact witness in this trial.

---

[2] Rule 37(c)(1) "requires witness and information exclusion for an untimely disclosure, unless the violation is substantially justified or harmless." *Nelson-Salabes, Inc. v. Morningside Dev., LLC*, 284 F.3d 505, 512 n.10 (4th Cir. 2002); *see* Fed. R. Civ. P. 37(c)(1). "The party failing to disclose information bears the burden of establishing that the nondisclosure was substantially justified or was harmless." *Bresler v. Wilmington Tr. Co.*, 855 F.3d 178, 190 (4th Cir. 2017). (citing *Wilkins v. Montgomery*, 751 F.3d 214, 222 (4th Cir. 2014)). In assessing whether the substantial justification and harmlessness exceptions apply, the Fourth Circuit considers the following five factors:

> (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence.

*Southern States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 597 (4th Cir. 2003). The first four factors relate primarily to the harmlessness exception, while the final factor tests whether the initial exclusion of information was substantially justified. *Id.* The Fourth Circuit recognizes the district court's "broad discretion to determine whether a nondisclosure of evidence is substantially justified or harmless for purposes of a Rule 37(c)(1) exclusion analysis." *Wilkins v. Montgomery*, 751 F.3d 214, 222 (4th Cir. 2014).

Next, Plaintiffs "seek clarification that [the Magistrate Judge's] order permits the testimony of" Priscilla Webb, Jenny McKenney, Tyler Daye, and Carol Cifuentes. (ECF No. 295 at 3.) Plaintiffs contend that these four individuals "are similarly situated to" the voter-witnesses who will testify about voting or attempting to vote in the 2024 primary election "in that Plaintiffs could not have reasonably disclosed these witnesses earlier." (*Id.*) Plaintiffs then provide reasons why, as to each of the four individuals, they could not have reasonably disclosed that individual earlier. (*Id.*)

This Court emphasizes that the Magistrate Judge's Order thoroughly addressed which fact witnesses and types of fact witnesses Plaintiffs are allowed to present at trial and those that Plaintiffs are prohibited from presenting at trial. The witnesses in this list, about which Plaintiffs contend they are seeking clarification were specifically before the Magistrate Judge and ruled upon in the Magistrate Judge's Order. The Order explicitly states:

> Plaintiffs shall not use as witnesses at trial any of the following: organizational representatives from Democracy North Carolina and Vote Riders, Tyler Daye, election officials who implemented S.B. 824 during the 2023 municipal elections or the 2024 primary elections, poll workers who assisted voters with voting provisionally due to S.B. 824's photo identification requirement during the 2023 municipal elections or the 2024 primary elections, Julius Perry, Shelia Relette Brower, and/or individual voters (A) who voted provisionally using an ID Exception Form in the 2023 municipal elections, (B) who voted provisionally using the "Return with ID" option during the 2023 municipal elections, (C) who had to obtain one of the forms of ID accepted for voting under S.B. 824 during the 2023 municipal elections, and/or (D) who were unable to cast any ballot in the 2023 municipal elections due to the photo voter ID requirement of S.B. 824.

(*Id.* at 48.)

The Magistrate Judge was clear that Tyler Daye is excluded as a fact witness from this trial *by name*. (*See id.*) Further, the Magistrate Judge concluded in his Order that "organizational representatives from Democracy North Carolina and Vote Riders" cannot be presented as

4

witnesses at trial. (*Id.*) In reaching such a conclusion, the Magistrate Judge recognized the names of the pertinent organizational representatives from each organization as they appeared in Plaintiffs' Witness List—those names were Carol Cifuentes, Keith Chapelle, and Jenny McKenney, (*Id.* at 24 n.15).[3] Thus, a careful reading of the Magistrate Judge's Order demonstrates that he specifically prohibited Carol Cifuentes and Jenny McKenney, as organizational representatives of Democracy North Carolina and Vote Riders, from testifying at trial. As a result, this Court concludes that Carol Cifuentes and Jenny McKenney are excluded as fact witnesses.

With respect to Tyler Daye, Jenny McKenney, and Carol Cifuentes, Plaintiffs' attempt to raise alternative bases for permitting the testimony of individuals that the Magistrate Judge excluded in his Order amounts to an objection to the Order rather than a clarification. The Court will not indulge an objection to the Magistrate Judge's Order characterized as a motion for clarification.

This Court acknowledges, however, that the Magistrate Judge did not address Priscilla Webb as explicitly as the other fact-witnesses about whom Plaintiffs seek clarification. Thus, the Court addresses whether Priscilla Webb will be permitted to testify. Plaintiffs have represented that Priscilla Webb "will offer testimony about the 2023 municipal elections." (ECF No. 284 at 11 n.2; *see also* ECF No. 295 at 3 (describing Priscilla Webb as "a voter who had her vote denied in the 2023 municipals").) The Magistrate Judge's Order states that

---

[3] In further demonstration of the fact that the Magistrate Judge's conclusion applies to Carol Cifuentes and Jenny McKenney, the Court points out that the Magistrate Judge, when referring to "unnamed representatives from Democracy North Carolina and Vote Riders" later in the Order, acknowledged that those representatives were later named in Plaintiffs' Witness List, two of which were Ms. Cifuentes and Ms. McKenney. (ECF No. 291 at 25.)

"individual voters . . . who were unable to cast any ballot in the 2023 municipal elections due to the photo voter ID requirement of S.B. 824" are not allowed to be used as witnesses at trial. (ECF No. 291 at 48.) The Magistrate Judge's Order also makes clear that "voter-witnesses identified by Plaintiffs" in their Witness List are *only* allowed as fact witnesses if they "can provide otherwise admissible evidence about *the implementation of S.B. 824 during the 2024 primary election.*" (*Id.* at 30.) According to Plaintiffs' description of the subject of Ms. Webb's anticipated testimony, Ms. Webb is not a witness that meets the qualification expressed by the Magistrate Judge. Therefore, this Court concludes that Priscilla Webb is excluded as a fact witness.

For the reasons outlined herein, the Court concludes that Plaintiffs shall not use Danizza Mashburn, Priscilla Webb, Jenny McKenny, Tyler Daye, and Carol Moreno Cifuentes as witnesses at trial.

**SO ORDERED**.

This, the 4th day of May 2024.

/s/ Loretta C. Biggs
United States District Judge
