# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| NORTH CAROLINA STATE CONFERENCE OF THE NAACP, *et al.*, <br><br> *Plaintiffs,* <br><br> v. <br><br> ALAN HIRSCH, in his official capacity as Chair of the North Carolina State Board of Elections, *et al.*, <br><br> *Defendants,* <br><br> and <br><br> PHILLIP E. BERGER, in his official capacity as President Pro Tempore of the Senate, *et. al*, <br><br> *Legislative Defendants-Intervenors.* | No. 1:18-cv-01034 <br><br> **PLAINTIFFS' BRIEF IN SUPPORT OF THEIR ORAL REQUEST TO MAKE A RULE 103(a)(2) OFFER OF PROOF THROUGH LIVE TESTIMONY** |

On May 4, 2024, the Court entered an order under Federal Rule of Civil Procedure Rule 37(c) excluding all six of Plaintiffs' expert witnesses from offering any live testimony at trial and supplemental opinions in their entirety. ECF No. 297; *see also* Trial Tr. (May 6, 2024). In order to preserve this issue for appeal, Plaintiffs respectfully request that the Court allow Plaintiffs to make their offer of proof, pursuant to Federal Rule of Evidence 103(a)(2), using live testimony from these experts as to both their preliminary-injunction

1

opinions[1], and supplemental opinions[2], to ensure that there is a complete record that would allow the Fourth Circuit to consider this issue fully in any appeal.

Rule 103(a)(2) provides that "[a] party may claim error in a ruling to . . . exclude evidence only if the error affects a substantial right of the party and . . . *a party informs the court of its substance by an offer of proof*, unless the substance was apparent from the context." Fed. R. Civ. P. 103(a)(2) (emphasis added). "The primary purpose of an offer of proof is to enable an appellate court to determine whether the exclusion was erroneous and harmful." *Lucio v. Lumpkin*, 987 F.3d 451, 458 n.1 (5th Cir. 2021); *see also, e.g.*, *Strong v. Mercantile Tr. Co.*, 816 F.2d 429, 432 (8th Cir. 1987) (noting that "[t]he purpose of the offer of proof is to allow . . . the appellate court on review to ascertain whether excluding the evidence caused any prejudice to the appellant"); Fed. Trial Handbook: Civil § 28:12 (explaining that offer of proof requirement "provides the appellate court with a record by which to review whether the exclusion of evidence was erroneous and whether the offering party was prejudiced by the exclusion"). "A court must hear a party's proffer" to properly understand the evidence presented at trial and rule on admissibility. *See Moss v. Ole S. Real Est., Inc.*, 933 F.2d 1300, n. 10 (5th Cir. 1991).

The form that an offer of proof takes varies. *See United States v. Adams*, 271 F.3d 1236, 1241 (10th Cir. 2001). In some instances, an oral or written offer of proof may suffice. However, "'merely telling the court of the content of . . . proposed testimony' is

---

[1] PX0001, PX0044, PX0219, PX0272, PX0280, PX0281, PX0316, PX0337, and PX0444.
[2] PX0172, PX0279, PX0315, PX0460, PX1005, PX1063, PX1143, PX1179, and PX1886.

2

not an offer of proof." *Perkins v. Silver Mountain Sports Club & Spa, LLC*, 557 F.3d 1141, 1147 (10th Cir. 2009).  And courts often allow parties to make an offer of proof in the manner that Plaintiffs request here—by questioning the witness and eliciting the testimony that the court has ruled should be excluded.  *See, e.g.*, *Inselman v. S & J Operating Co.*, 44 F.3d 894, 896 (10th Cir. 1995), *on reh'g in part* (Feb. 17, 1995) ("The offer of proof made in this case is defective. [After challenge from opposing counsel,] Plaintiffs should have examined the witness to establish that he would testify as they believed."); *Walzer v. St. Joseph State Hosp.*, 231 F.3d 1108, 1114 (8th Cir. 2000) ("In these circumstances, we think counsel was obliged either to make a full and formal offer of proof by live testimony, or to obtain from the District Court a clear statement that a summary written offer would suffice.").  Indeed, at least one Circuit Court has found that "examin[ing] the witness before the court and hav[ing] the answers reported on the record" is the "most desirable from all standpoints except cost." *Adams*, 271 F.3d at 1241  (citing  1 McCormick on Evidence § 51, at 216 n. 9); 21 Charles Alan Wright & Kenneth W. Graham, Federal Practice and Procedure § 5040, at 214 (1977).  For several reasons, allowing live testimony is the most appropriate vehicle for the opinions and conclusions of the Plaintiffs' six experts.

  *First*, the preliminary injunction record in this case is limited.  All of the Plaintiffs experts provided one or two reports in the fall of 2019.  *See* ECF Nos. 91-1 (Lichtman), 91-2 (Leloudis), (ECF No. 91-4 (Burden), 91-10 (Minnite), 91-11 (Herron), 108-1 (Barreto), 108-3 (Lichtman), 108-5 (Herron), 108-13 (Burden).  Defense counsel deposed and submitted excerpts from the depositions of two of these experts, ECF No. 97-13, 97-30.  But none of the Plaintiffs' experts presented live testimony in support of their

3

preliminary injunction motion given the expedited nature of those proceedings, which was occasioned by the 2020 elections.

The lack of live testimony from these experts underweights the strength and significance of this evidence. Plaintiffs' experts are impeccably credentialed, have spent decades researching, analyzing, teaching, writing, and presenting on the subjects they address, and spent hundreds of hours analyzing issues for their presentations in this case. In particular:

- **Leloudis**. Dr. Leloudis is North Carolina's preeminent scholar in the history of North Carolina and the American South. He has been a professor at Chapel Hill for over 30 years, and specializes in the political and social history of North Carolina. He has published many works and been an expert witness numerous North Carolina voting rights cases.

- **Lichtman.** Dr. Lichtman is a highly regarded expert in American political history, political analysis, and historical and statistical methodology. He is currently a Distinguished Professor of History at American University, where he has taught for over half a century. He is also an award-wining author and has served as an expert in over 90 redistricting, voting rights, and civil rights cases, with his opinions having been cited with approval by the U.S. Supreme Court.

- **Herron.** Dr. Herron is an expert in the fields of statistical analysis of election administration and is currently a professor at Dartmouth University. Dr. Herron has published numerous articles in the top political science fields and has served as an expert witness in over a dozen election-related cases.

- **Barreto.** Dr. Barreto is one of the nation's foremost experts in survey design, survey methodology, data quality and missing data, communications and campaigns, and political and civic behavior. He is currently a Professor of Political Science at University of California, Los Angeles. He is extremely well-published and has conducted surveys and been an expert witness in several other cases involving voter identification requirements.

- **Burden.** Dr. Burden is a leading expert on American politics, with a specific focus on American elections, electoral politics, campaigns and voting behavior. He is currently a Professor of Political Science at University of Wisconsin-Madison. He has taught, and continues to teach, courses on elections and voting, election reform and election

administration, public opinion, representation, and statistical methodology. He has published articles in peer-reviewed scholarly journals on these issues as well.

- **Minnite.** Dr. Minnite is the nation's leading expert on voter fraud, a tenured professor at Rutgers University, and authored the definitive text on the subject (*The Myth of Voter Fraud*) and many, many other works. She has testified repeatedly in voting and election law cases, in well over a dozen cases.

Allowing live testimony from these highly esteemed experts would allow each of them to describe and contextualize their opinions and demonstrate their mastery over their areas of expertise. It would allow the Court to assess their demeanor and credibility, permit the experts to address any questions the Court and defense counsel might have, provide the Fourth Circuit with the benefit of the Court's views on these issues, and create a far more complete record for any appeal in this case. It also would avoid a one-sided presentation of these experts' testimony that currently exists, where Defendants were able depose and offer testimony from these witnesses while Plaintiffs could not.

*Second*, Plaintiffs' experts address the most central issues in this litigation. Dr. Barreto, Dr. Burden. and Dr. Herron were disclosed to opine about and spent hundreds of hours analyzing the disparate impact of S.B. 824 on racial and ethnic minorities, including updating assessments they provided in 2019 to address the disparate impact of the law as implemented during and subsequent to the March 5, 2024 election, shortly before their most recent supplements were disclosed. *See* ECF Nos. 91-4, 108-1, 108-13, 242-1, 283-4. These are complex questions that rely on quantitative analysis and survey evidence that are easier to understand when explained by experts with the pedigree of Drs. Barreto, Burden, and Herron. Plaintiffs' remaining experts were disclosed to testify about and spent hundreds of hours analyzing several other multifaceted, complicated issues, which include

5

the history of discrimination by the North Carolina legislature, evidence of the legislature's discriminatory intent when adopting S.B. 824, and a critical examination of the State's asserted, non-discriminatory justifications for S.B. 824 (including whether the law was necessary to address voter fraud or confidence in elections). *See* ECF Nos. 91-1, 91-2, 91-10, 108-3, 283-4. The Court should permit an offer of proof by live testimony to ensure that if the Fourth Circuit examines these complex questions it does so with the benefit of a clear and well-developed record.

*Third*, Plaintiffs' expert testimony is critical to significant evidentiary questions that are likely to be raised in any appeal. For example, if an appeal follows this Court's final decision, Plaintiffs might argue that the Court erred in its Rule 37(c) analysis in excluding expert testimony on opinions offered in 2019 and issuing a blanket ruling excluding all supplemental reports from Plaintiffs' experts offered after 2019. Without a complete record including actual testimony from the Plaintiffs' experts, the Fourth Circuit may be unable to determine whether the factors identified in *Southern States Rack and Fixture, Inc. v. Sherwin-Williams Co.,* 318 F.3d 592, 597 (4th Cir. 2003), supported the decision to preclude each of these witnesses from testifying. The Fourth Circuit should have a fully developed record when it considers such a question. *See, e.g.*, *Strong v. Mercantile Trust Co., N.A.*, 816 F.2d 429, 432 (8th Cir.1987) ("In an offer of proof, a party must 'express[ ] precisely the substance of the excluded evidence' to inform both the trial court and the appellate court why exclusion of the evidence was prejudicial error.").

*Fourth*, allowing an offer of proof in the form of live testimony may very well promote judicial economy. In particular, if the Fourth Circuit were to decide this issue in

the Plaintiffs' favor, a more complete appellate record would allow the Fourth Circuit to determine whether further proceedings are warranted upon remand and, if so, what those proceedings would involve.

*Finally*, any claim that an offer of proof using live testimony would prejudice Defendants is exaggerated, at best, and not a reason to reject the Plaintiffs' request. Allowing Plaintiffs to make their offer of proof with live testimony would not foreclose Defendants from raising the same arguments on appeal that they otherwise would raise. It would only ensure that the Fourth Circuit had the benefit of a more fulsome record when resolving those arguments. The burden created by offers of proof with live testimony, while not negligible, is also relatively modest compared to other cases. In a jury trial, the entire panel must be excused during an offer of proof, a source of inefficiency that would not exist here. *See* 1 McCormick on Evidence § 51, at 216 n. 9 (noting that an offer through live testimony during a jury trial requires that the court "excuse the jury temporarily" and that, "[i]f it were not for the inconvenience, this would be by far the most desirable method"). Furthermore, although Defendants raised concerns on May 6 about raising and deciding objections during a live testimony offer of proof, such concerns are overblown. Plaintiffs' offer of proof would be made subject to the Court's ruling excluding that testimony, limiting the need to even raise objections to that testimony.

7

For all of these reasons, Plaintiffs respectfully request that the Court permit them to make offers of proof for their experts by questioning them about their opinions on the record.[3]

Dated: May 7, 2024

Respectfully submitted,

By: /s/ David E. Kouba
David E. Kouba
N.C. Bar No. 28624
Jeremy C. Karpatkin
D.C. Bar No. 980263
John Freedman
D.C. Bar No. 453075
Preston Smith
D.C. Bar No. 1002179
**ARNOLD & PORTER KAYE SCHOLER LLP**
601 Massachusetts Avenue, NW
Washington, DC 20001-3743
Phone: (202) 942-6603
David.Kouba@arnoldporter.com
Jeremy.Karpatkin@arnoldporter.com

By:/s/ Kathleen E. Roblez
Caitlin A. Swain
NC Bar No. 57042
Kathleen E. Roblez
NC Bar No. 57039
Ashley Mitchell
NC Bar No. 56889
**FORWARD JUSTICE**
P.O. Box 1932
Durham, NC 27721
Phone: (919) 323-3889

---

[3] In the event that the Court does not allow Plaintiffs to make their offers of proof with respect to excluded expert testimony though live testimony, Plaintiffs intend to submit written offers of proof for the opinions, conclusions, and testimony of their experts excluded by the Court's ruling and expressly reserve the right to do so.

8

cswain@forwardjustice.org
kroblez@forwardjustice.org
amitchell@forwardjustice.org

*By: /s/ Penda D. Hair*
Penda D. Hair
DC Bar No. 335133
**FORWARD JUSTICE**
P.O. Box 42521
Washington, DC 20015
Phone: (202) 256-1976
phair@forwardjustice.org

*By: /s/ Irving Joyner*
Irving Joyner
NC State Bar No. 7830
P.O. Box 374
Cary, NC 27512
Phone: (919) 319-8353
ijoyner@nccu.edu

*Counsel for Plaintiffs*

*By: /s/ Nicole J. Moss*
Nicole J. Moss (State Bar No. 31958)
COOPER AND KIRK, PLLC
1523 New Hampshire Avenue, N.W.
Washington, D.C. 20036
Telephone: (202) 220-9600
Fax: (202) 220-9601
nmoss@cooperkirk.com

*Local Civil Rule 83.1 Counsel for Legislative Defendants*

*/s/ David H. Thompson*
Peter A. Patterson
Clark L. Hildabrand
Kate Hardiman
COOPER AND KIRK, PLLC
1523 New Hampshire Avenue, N.W.
Washington, D.C. 20036
Telephone: (202) 220-9600

9

Fax: (202) 220-9601
dthompson@cooperkirk.com

*Counsel for Legislative Defendants*


JOSHUA H. STEIN
Attorney General

By: /s/ Terence Steed
Terence Steed
Special Deputy Attorney General
N.C. State Bar No. 52809
E-Mail: tsteed@ncdoj.gov

Mary Carla Babb
Special Deputy Attorney General
N.C. State Bar No. 25731
mcbabb@ncdoj.gov

Laura McHenry
Special Deputy Attorney General
N.C. State Bar No. 45005
lmchenry@ncdoj.gov

N.C. Department of Justice
Post Office Box 629
Raleigh, NC 27602
Telephone: (919) 716-6567
Facsimile: (919) 716-6763

*Counsel for the State Board Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this date I electronically filed the foregoing PLAINTIFFS' BRIEF IN SUPPORT OF THEIR ORAL REQUEST TO MAKE A RULE 103(a)(2) OFFER OF PROOF THROUGH LIVE TESTIMONY with the Clerk of Court using the CM/ECF system which will send notification of such to all counsel of record in this matter. This, the 7th day of May 2024.

>  */s/ David E. Kouba*
>  David E. Kouba