UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| NORTH CAROLINA STATE CONFERENCE OF THE NAACP; *et al.*, <br><br>*Plaintiffs*, <br><br>v. <br><br>ALAN HIRSCH, in his official capacity as Chair of the North Carolina State Board of Elections; *et al.*, <br><br>*Defendants*, <br><br>and <br><br>PHILIP E. BERGER, in his official capacity as President Pro Tempore of the North Carolina Senate, and TIMOTHY K. MOORE, in his official capacity as Speaker of the North Carolina House of Representatives, <br><br>*Legislative Defendant Intervenors*. | CASE NO. 1:18-cv-1034 |

### LEGISLATIVE DEFENDANTS' MOTION TO STRIKE PLAINTIFFS' MAY 17, 2024 STATEMENTS REGARDING THEIR OFFERS OF PROOF

Legislative Defendants respectfully move to strike Plaintiffs' six May 17, 2024 statements regarding their offers of proof. Plaintiffs have belatedly submitted over seventy pages of briefing attempting to reframe and relitigate their failure to disclose expert witnesses for use at trial. *See* Pls.' Statement in Support of Offer of Proof as to Barreto, Doc. 316; Pls.' Statement in Support of Offer of Proof as to Herron, Doc. 317; Pls.' Statement in Support of Offer of Proof as to Lichtman, Doc. 318; Pls.' Statement in Support of Offer of Proof as to Minnite, Doc. 319; Pls.' Statement in Support of Offer of Proof as to Leloudis, Doc. 320; Pls.' Statement in Support of Offer of Proof as to Burden, Doc. 321.

1

To be clear, in light of the Court granting Plaintiffs permission to make a post-trial offer of proof, Legislative Defendants do not object to Plaintiffs proffering on the docket the expert reports, curricula vitae, demonstratives, and transcripts of post-trial testimony of their expert witnesses so that, should Plaintiffs appeal this Court's decision excluding Plaintiffs' experts from trial, the Fourth Circuit can have a full view of what testimony Plaintiffs would have attempted to offer through those witnesses.[1] But Plaintiffs' post-trial Statements go far beyond merely memorializing the reports and testimony of their experts.

Pursuant to the briefing schedule set by this Court, Doc. 229, Legislative Defendants moved on April 12, 2024, to exclude Plaintiffs' experts from trial, Doc. 249. *See also* Leg. Defs.' Memo. in Support of Mot. in Limine to Exclude Pls.' Experts, Doc. 250. Plaintiffs responded to that motion in limine on April 19, 2024, Doc. 285. The Court granted Legislative Defendants' motion. Order, Doc. 297 at 21–22, 25 ("Plaintiffs may not introduce expert evidence outside of the preliminary injunction record."). Plaintiffs did not move for reconsideration or for clarification of that decision but instead sent an email to the case manager at 7:45 pm on Saturday, May 4, 2024, asking her to "confirm that Plaintiffs' experts are permitted to testify," Doc. 321-8 at 2. Legislative Defendants immediately objected to both the form and substance of Plaintiffs' request and noted that the Court's order clearly excluded Plaintiffs' experts.

Despite the Court's clear order, Plaintiffs attempted on the first day of trial to have their experts testify live at trial. When the Court refused to allow that, Plaintiffs orally

---

[1] Plaintiffs did not attach the transcripts of expert witnesses' proffered testimony, presumably because the court reporter has not finalized the transcripts.

moved to have their experts testify live at trial as part of a Federal Rule of Evidence 103(a)(2) proffer. The Court allowed the parties to submit five pages of briefing on the issue by noon the following day. Legislative Defendants in their brief responded to the cases Plaintiffs cited in their oral motion, Doc. 302. Plaintiffs filed an eight-page brief broadly requesting to make an offer of proof "using live testimony from these experts as to both their preliminary-injunction opinions, and supplemental opinions, to ensure that there is a complete record that would allow the Fourth Circuit to consider this issue fully in any appeal." Pls.' Corrected Br. in Support of Oral Request to Make a Rule 103(a)(2) Offer of Proof Through Live Testimony, Doc. 304-1 at 1–2. To ensure a complete record of the experts' opinions for the Fourth Circuit, the Court allowed Plaintiffs to make their proffer via live testimony of their experts after trial concluded.[2]

Plaintiffs never asked the Court for permission to file over seventy pages of post-trial briefing regarding why the Court supposedly erred in granting Legislative Defendants' Motion in Limine to Exclude Plaintiffs' Experts and should have allowed their experts to testify live at trial. And the Court never granted Plaintiffs permission to do so.

In allowing Plaintiffs to make their post-trial proffer, the Court expressed its concern that it would be impossible for the Court to police the testimony of Plaintiffs' experts to make sure they did not depart from the text of their 2019 reports. Yet Plaintiffs' Statements in Support of their Offers of Proof repeatedly attempt to reframe what their experts testified

---

[2] As the Court made clear, Plaintiffs' post-trial testimony is not part of the trial record. The Court prohibited Plaintiffs from submitting expert evidence that was not part of the preliminary injunction record.

3

to in their 2019 reports and in subsequent reports. These Statements generally do not quote the experts' reports. Instead, they include glosses drafted by Plaintiffs' counsel about what they claim was in their experts' reports and post-trial testimony. *See, e.g.*, Pls.' Barreto Statement 2, 4, 6–10; Pls.' Herron Statement 2, 4–7, 9–14; Pls.' Lichtman Statement 2–6, 8–14; Pls.' Minnite Statement 2–12; Pls.' Leloudis Statement 2–10; Pls.' Burden Statement 2–13. Throughout Plaintiffs' discussion of the experts' reports and testimony, Plaintiffs mischaracterize the history of this case and this Court's prior orders. *See, e.g.*, Pls.' Barreto Statement 2–6; Pls.' Herron Statement 2–8; Pls.' Lichtman Statement 2–7; Pls.' Minnite Statement 2–6; Pls.' Leloudis Statement 2–6; Pls.' Burden Statement 2–7.

Further, the Statements include lengthy arguments disagreeing with the Court's order granting Legislative Defendants' motion to exclude Plaintiffs' experts. *See, e.g.*, Pls.' Barreto Statement 6–10; Pls.' Herron Statement 8–14; Pls.' Lichtman Statement 8–14; Pls.' Minnite Statement 6–12; Pls.' Leloudis Statement 6–10; Pls.' Burden Statement 7–13. Plaintiffs cannot "preserve for appeal," Pls.' Barreto Statement 6, arguments that they failed to make when opposing Legislative Defendants' motion in limine to exclude Plaintiffs' expert witnesses, or even when they moved at the beginning of trial to make an offer of proof. *See also id.* at 8 ("disagree[ing]" with the Court's order but attempting to "preserve" arguments for appeal). Allowing Plaintiffs to reopen argumentation post-trial about Legislative Defendants' successful motion in limine to exclude Plaintiffs' experts would be prejudicial to Legislative Defendants. The time for Plaintiffs to make any arguments they wanted to preserve for appeal was a month ago. Plaintiffs' disagreement with the Court's evidentiary decisions is already part of the trial record, so the Statements serve no purpose

4

beyond expanding Plaintiffs' arguments. Plaintiffs did not need over seventy pages of briefing to identify the reports, curricula vitae, and demonstratives that they were filing with the Court.

Legislative Defendants respectfully ask the Court to strike Plaintiffs' six May 17, 2024 statements regarding their offers of proof and to order Plaintiffs to refile with statements that only identify and attach the proffered reports, curricula vitae, demonstratives, and transcripts of post-trial testimony of their experts.

Dated: May 21, 2024

/s/ Nicole J. Moss
Nicole J. Moss (State Bar No. 31958)
COOPER AND KIRK, PLLC
1523 New Hampshire Avenue, N.W.
Washington, D.C. 20036
Telephone: (202) 220-9600
Fax: (202) 220-9601
nmoss@cooperkirk.com
*Local Civil Rule 83.1 Counsel
for Legislative Defendants*

/s/ David H. Thompson
David H. Thompson
Peter A. Patterson
Clark L. Hildabrand
Kate Hardiman Rhodes
COOPER AND KIRK, PLLC
1523 New Hampshire Avenue, N.W.
Washington, D.C. 20036
Telephone: (202) 220-9600
Fax: (202) 220-9601
dthompson@cooperkirk.com

*Counsel for Legislative Defendants*

5

## CERTIFICATE OF WORD COUNT

Pursuant to Local Rule 7.3(d)(1), the undersigned counsel hereby certifies that the foregoing Motion, including, body, headings, and footnotes, contains 1,092 words as measured by Microsoft Word.

/s/ Nicole J. Moss
Nicole J. Moss
*Counsel for Legislative Defendants*

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that, on May 21, 2024, I electronically filed the foregoing Motion with the Clerk of the Court using the CM/ECF system which will send notification of such to all counsel of record in this matter.

/s/ Nicole J. Moss
Nicole J. Moss
*Counsel for Legislative Defendants*