IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| NORTH CAROLINA STATE CONFERENCE OF THE NAACP, *et al.*, <br>      *Plaintiffs*, <br> v. <br> ALAN HIRSCH, in his official capacity as Chair of the North Carolina State Board of Elections, *et al.*, <br>      *Defendants*. | No. 1:18-cv-01034 |

## **PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiffs respectfully submit, as supplemental authority, the Ninth Circuit's recent decision in *Mi Familia Vota v. Fontes*, 129 F. 4th 691 (9th Cir. 2025).[1] *Mi Familia Vota* provides additional support for Plaintiffs' position on the legal standard for proving a claim of intentional discrimination under *Village of Arlington Heights v. Metropolitan Housing Development Corp.*, 429 U.S. 252, 266-68 (1977). The *Mi Familia Vota* decision has been attached here as Exhibit A.

The Ninth Circuit's decision in *Mi Familia Vota* supports Plaintiffs' constitutional claims in this case. Here, Plaintiffs assert that S.B. 824, North Carolina's photo voter ID requirement that was passed in 2018, was enacted with discriminatory intent in violation of the Fourteenth and Fifteenth Amendments, and that it has had and will continue to

---

[1] *La Familia Vota* is a 2-1 opinion from the Ninth Circuit, with the majority opinion written by Judge Gould, and a dissent from Judge Bumatay.

have a discriminatory impact in violation of Section 2 of the Voting Rights Act. *See* Pls.' Proposed Findings of Fact and Conclusions of Law, ECF No. 339 ("PCOL"). In order to determine whether or not a statute was enacted with discriminatory intent, Courts look to the factors set forth in the *Arlington Heights* decision. PCOL at ¶ 546. Under this standard, Plaintiffs need only demonstrate – with either direct or circumstantial evidence - that discriminatory purpose was one of the motivating factors behind passage of S.B. 824, and "invidious discriminatory purpose may often be inferred from the totality of the relevant facts..." *Id*. at ¶¶ 548-50. Plaintiffs argue here that, even after affording a presumption of good faith to the North Carolina legislature, the evidence before the court points to S.B. 824 having been enacted in part for a discriminatory purpose. *Id*. at ¶ 554.

In *Mi Familia Vota*, the Ninth Circuit considered a challenge to two of Arizona's voter registration laws (H.B. 2492 and H.B. 2243) under the NVRA, the VRA and the Equal Protection Clause of the Fourteenth Amendment. The Ninth Circuit ultimately vacated "the District Court's factual finding that H.B. 2243 was not enacted with intent to discriminate," and remanded the case for further proceedings consistent with that opinion. Ex. A, at *87. The Ninth Circuit held that the district court had "clearly erred" by improperly applying a heightened version of the *Arlington Heights* analysis to the facts – insisting that Plaintiff-Appellees "directly link the motive of the legislature to every piece of evidence offered under each prong of the *Arlington Heights* framework." *Id. at* *70 - 72. Rather than requiring each individual piece of evidence by itself to

demonstrate discriminatory intent, the district court should have examined the evidence "analyzing 'the totality of circumstances,'" the test required by *Arlington Heights*. *Id*. The District Court was also found to have clearly erred when it asked the Plaintiffs to demonstrate a clear "nexus" between Arizona's "history of animosity towards marginalized communities and the Legislature's enactment of the voting laws." *Id*.

This Court should find that S.B. 824 was enacted with discriminatory intent in violation of the Fourteenth and Fifteenth Amendments of the U.S. Constitution, and *Mi Familia Vota* confirms that. The Ninth Circuit held that *Arlington Heights* must be applied by looking at "the totality of the circumstances," "[a] historical pattern of discriminatory behavior from a legislative body, particularly as it pertains to voting laws, gives context as to whether the same legislative body has acted with discriminatory purpose in enacting new voting laws," and that the political climate in the state leading up to enactment of new voting laws also "provides circumstantial evidence of discriminatory intent." Ex. A, at *72-73. Moreover, the departures from the typical legislative procedure should be viewed "in the context of the totality of the circumstances when determining whether an improper motive should be inferred." *Id.* at *80. Plaintiffs respectfully submit *Mi Familia Vota* as supplemental authority in this matter.

Respectfully Submitted this 19th day of March 2025,

/s/Kathleen E. Roblez
Caitlin A. Swain
NC Bar No. 57042
Kathleen E. Roblez
NC Bar No. 57039
Ashley Mitchell
NC Bar No. 56889
**FORWARD JUSTICE**
P.O. Box 1932
Durham, NC 27721
Phone: (919) 323-3889
cswain@forwardjustice.org
kroblez@forwardjustice.org
amitchell@forwardjustice.org

/s/ Preston Smith
Preston Smith
DC Bar No. 1002179
Jeremy C. Karpatkin
DC Bar No. 980263
John Freedman
DC Bar No. 453075
**ARNOLD & PORTER KAYE SCHOLER LLP**
601 Massachusetts Avenue, NW
Washington, DC 20001-3743
Phone: (202) 942-6603
Preston.Smith@arnoldporter.com
John.Freedman@arnoldporter.com
Jeremy.Karpatkin@arnoldporter.com

*/s/ Irving Joyner*
Irving Joyner
NC State Bar No. 7830
P.O. Box 374
Cary, NC 27512  Phone: (919) 319-8353
ijoyner@nccu.edu

*By: /s/ Penda D. Hair*
Penda D. Hair
DC Bar No. 335133
**FORWARD JUSTICE**
P.O. Box 42521
Washington, DC 20015
Phone: (202) 256-1976
phair@forwardjustice.org

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on this date I electronically filed the foregoing NOTICE OF SUPPLEMENTAL AUTHORITY with the Clerk of Court using the CM/ECF system which will send notification of such to all counsel of record in this matter.

This, the 19th day of March 2025,

*/s/ Kathleen E. Roblez*